Marshall, C. J.
 

 This cause originated in the court of common pleas of Cuyahoga county as an action for alimony filed by the wife, the defendant
 
 *417
 
 in error here, on the ground of gross neglect of duty and extreme cruelty. The husband filed an answer to the petition for alimony and at the same time filed a cross-petition for divorce on the ground of extreme cruelty and gross neglect of duty. In one paragraph of the cross-petition, which need not be repeated in this statement, extreme cruelty was charged and many operative facts alleged in support of that charge. In a separate paragraph the defendant stated:
 

 “That plaintiff has been guilty of gross neglect of duty and extreme cruelty toward the defendant, in this, that, within the last four months, she has consorted with divers and sundry men and has lived in defendant’s house with people of ill repute; that during October, November and December of 1921, plaintiff has shown marked love and affection for a certain man named Richard Roe, kissing and caressing him on numerous occasions; that during said period she has received said man at her house for many nights in succession, and that she has repeatedly gone out with him and returned at the early hours of the morning; that on certain occasions during said period said Richard Roe has stayed at defendant’s house all night, during defendant’s absence, with none but an unmarried couple or a young unmarried woman as associates; and that other men have been frequenters of said house, visiting said plaintiff and other women with whom she has associated, a,t all hours of the night, and on numerous occasions one or more men have stayed in the house all night with plaintiff and an unmarried female companion of plaintiff’s as the sole occupants.
 

 
 *418
 
 “That plaintiff has been guilty of gross neglect of duty and extreme cruelty.”
 

 Prior to the hearing of the cause a motion was filed by plaintiff to strike the above-quoted matter from the cross-petition, which motion was overruled.
 

 At the trial abundant evidence was produced by witnesses who were apparently worthy of belief tending to prove in detail all of those allegations.
 

 Having carefully read the testimony of the witnesses in support of those allegations and keeping in mind that the trial court meets the witnesses face to face, observes their demeanor, has opportunity to judge their candor, and in general breathes the atmosphere of the controversy as no court except the trial court can do, we are bound to declare that no reviewing court could find as a matter of law that any single statement of the foregoing quoted matter was not fully proved. The trial court having heard this evidence and much other evidence in support of the charge of extreme cruelty, much of which related to an exhibition of violent temper, profane language, striking and beating the defendant with various instruments and in fits of rage destroying valuable keepsakes of defendant, and using cruel and insulting language toward him and his immediate relatives, including a former deceased wife, refused the prayer of alimony on the part of the wife and held that her charges were unsupported, and granted a divorce to the defendant on his cross-petition on the ground of gross neglect of duty.
 

 At the same time, the court made suitable pro
 
 *419
 
 vision for the support of the wife out of the husband’s property.
 

 The wife prosecuted error from this judgment to the Court of Appeals, and that court reversed the judgment of the common pleas, not on the weight of the evidence, but on the sole ground that the common pleas court erred in not granting the motion to strike the foregoing quoted matter from the defendant’s cross-petition, and thereupon remanded the cause to the court of common pleas for further proceedings. The defendant filed a motion in this court for certification, which was allowed.
 

 The cross-petition further alleged and the evidence fairly established that the husband had been compelled to leave the home owned by him by reason of the alleged cruelty of the wife, on or about July 12, 1921, and the action for alimony was begun September 19, 1921. The cross-petition was filed March 1, 1922, and during the period after the husband had left home the wife was left in possession thereof, and that she had the use of the home, and that in addition thereto the husband had contributed to her support $1000 in money and had paid numerous bills contracted by her.
 

 While the journal entry in the Court of Appeals is very brief, the opinion filed by the Court of Appeals discloses that its reversal was based upon the theory that the allegations heretofore quoted did not constitute gross neglect of duty, but that if said language could have application to any of the causes referred to in Section 11979, General Code, it would properly be characterized as adultery.
 

 Inasmuch as there was abundant evidence to sup
 
 *420
 
 port the allegations of the cross-petition and the Court of Appeals has not reversed on the weight of the evidence this record presents two legal questions:
 

 First, a question of adjective law as to whether a pleading in a divorce action must characterize the operative facts and distinctly classify them in one of the ten causes specified in the statute; and, second, a question of substantive law as to whether the allegations heretofore quoted stated operative facts which would amount to any gross neglect of duty.
 

 The first of these questions presents but little difficulty. In an action for divorce the causes are purely statutory and the action is grounded upon the principle of breach of contract and the theory that when one of the parties to a marriage contract has neglected or refused to perform its obligations, the other party will be released from performance, and the contract for that reason may be legally dissolved and will thereafter be binding upon neither party. While there may be separate breaches of duty, there is a single cause of action. If in addition to divorce alimony is prayed, or if there is a prayer for custody of children, these are incidents of the action for divorce and altogether constitute but a single cause of action. It is therefore not necessary and it is not the usual practice to separately state and number the causes, although a pleading may allege operative facts which will be properly applicable to more than one of the causes specified in the statute.
 

 In a divorce action it may happen in some cases .that there is only one statutory ground which is
 
 *421
 
 specifically applicable to the provable facts, and it may happen in other cases that the provable facts have some relation to grounds in the statute other than the one especially relied upon, though insufficient to establish such other grounds as a separate and independent cause of action. In such case, facts more applicable and pertinent to one of the statutory causes which is not the cause relied upon may nevertheless be pleaded and proved in support of those grounds which are relied upon, even though such facts only lend weight and color thereto.
 

 It is a well-established rule of code pleading that it is only necessary to plead the operative facts which show that the pleader is entitled to the relief sought. A skillful pleader might draw a petition for divorce without employing any of the words or phrases appearing in the statute which are named as causes for divorce. In other words, no label is necessary. It is true that nearly all pleadings do characterize the operative facts and classify them in one or more of the causes named in the statute; but this is only because it is found more simple and convenient to do so.
 

 It was the opinion of the Court of Appeals that the language heretofore quoted charged adulterous conduct, if it charged anything. Whether or not that language would be capable of sustaining proof of adulterous conduct we need not inquire. The pleader has in our opinion adopted a course which was commendably ethical and proceeded upon the theory that the court would probably not find the wife .guilty of adultery, and therefore carefully refrained from characterizing the conduct as adul
 
 *422
 
 tery in the pleading and did not at any time and does not now claim that a finding of adultery would have been justified.
 

 Having carefully read the evidence adduced, we do not hesitate to say that the conduct of the wife was such that the course pursued by the husband and his attorneys leaves her no possible ground of complaint.'
 

 We are constrained to the further conclusion that this record discloses no error in the trial court upon any question of pleading or procedure.
 

 Upon the second of these questions we find our task not more difficult than upon the first question. It is a rule of construction of pleadings established by
 
 Hall
 
 v.
 
 Plaine,
 
 14 Ohio St. 417, and
 
 Crocks
 
 v.
 
 Finney,
 
 39 Ohio St. 57, that pleadings are to be construed liberally in favor of the pleader and with a view of aiding in the introduction of evidence, and the substance of the allegations should control the form of the pleading in order that such relief may be granted as the operative facts warrant. Having ruled that the common pleas court erred in not striking the matter from the cross-petition, the Court of Appeals must have proceeded upon the theory that those allegations even when construed most strongly in favor of the pleader did nevertheless fall short of amounting to any gross neglect of duty, and further that upon a liberal interpretation of that language in the admission of evidence would not permit evidence to be introduced which, in the light of all inferences which might properly be drawn therefrom by a trial judge, would establish any gross neglect of duty.
 

 
 *423
 
 In determining this feature of the case, it is proper to treat the allegations of the cross-petition as true, and the witnesses, who testified in support of those allegations as worthy of belief, and that is manifestly the only proper course for this court to pursue, because the trial court so found, and the Court of Appeals particularly refrained from reversing the case upon the weight of the evidence although this was one of the grounds for new trial. Counsel for the wife state that “circumstances show that Mrs. Arnold did things which from the standpoint of a neighborhood gossip might be called indiscreet.” It was evidently the desire of the trial court to be as charitable as possible, and the decree of divorce and dissolution of the marriage contract was therefore placed upon the ground of gross neglect of duty. This court is disposed to be equally charitable and therefore refrains from making a recital of the sordid details of the testimony of witnesses who were apparently worthy of belief and who were certainly in position to be informed upon the matters testified to by them. So long as Mrs. Arnold bore her husband’s name, lived in the home owned by him, and was by him liberally supplied with money and means for her comfortable maintenance, this court will not say, as matter of law, that her conduct as alleged in the cross-petition and as established by the evidence, did not amount to any gross neglect of her marital duty toward her husband. • It is not a question whether the allegations referred to and the testimony adduced in support of them were sufficient to prove adultery, or whether standing alone unsupported
 
 *424
 
 by other testimony in the ease they would sustain a charge of gross .neglect. It is only a question as to whether they are pertinent to any of the statutory causes of divorce under Section 11979, General Code. It was therefore error on the part of the Court of Appeals to reverse the judgment of the court of common pleas for alleged error in refusing to strike from the cross-petition, and the judgment of the Court of Appeals will therefore be reversed and that of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Day and Allen, JJ., concur.
 

 Jones, J., concurs in the judgment.
 

 "Wanamaker, J., not participating.