## SIEBERT v SIEBERT

Ohio Appeals, 6th Dist, Lucas Co

Decided June 24, 1929

Otto L. Hankinson, Toledo, for plaintiff in error.

Carl J. Christensen, Toledo, for defendant in error.

LLOYD, J.

The record of the first trial was offered and received in evidence at the second trial and is a part of the record now under review by this court. It appears therefrom that some of the incidents as to which plaintiff testified at the second trial were contradictory of statements made by her at the first trial, but many claimed happenings were testified to at the second trial with respect to which she had not testified at the first trial, all of which, however with two exceptions, occurred prior to the first trial. The subject matter of both actions was the same.

As said by Marshall, CJ., in **Arnold vs. Arnold, 110 Ohio St., 416, 418.**

"While there may be separate breaches of duty, there is a single cause of action."

The prayer of each of the petitions was for a divorce and the plaintiff was priviledged to allege in her first petition all known existing grounds of divorce and to offer evidence of everything which occurred prior to the trial of the action upon which she relied for the judgment she sought. A plaintiff in an action for divorce can not allege and offer evidence on one of the statutory grounds and then, when unsuccessful, commence another action on another ground, amplifying the evidence in support thereof, all of which however, relates to happenings prior to the first trial, any more than a plaintiff in an action for personal injuries can choose to allege in his petition and rely at the trial upon one act of negligence and then, when the verdict and judgment are adverse, file another petition alleging another and different act of negligence. If the law were otherwise it would not only multiply litigation but in some instances at least would be an inducement to perjury.

**Strangwood vs. Bedstead Co., 82 Ohio St., 121;**

**Arnold vs. Arnold, 110 Ohio St., 416;**

**Mullen vs. Mullen, 11 O. N. P., ns. 353.**

There was no evidence offered at the second trial that might not have been presented at the first trial with the exception of two incidents occurring, it is claimed, on June 22nd and June 30th, 1928, which were denied by Mr. Siebert, as was also the misconduct preceding the first trial, with which he was charged. These

alone, in the opinion of a majority of this court, are quite insufficient as a basis for the judgment rendered, especially in view of the fact that the law requires something more than a scintilla of evidence to justify a judgment of divorce. The trial judge indicated in what he had to say at the conclusion of the second trial, that the divorce was granted rather because of the alleged conduct of Siebert prior to the first trial than upon anything occurring subsequent thereto.

Marriage is and should be regarded as something more than simply a contract to be abrogated at the pleasure of one or the other of the parties or because of mere inconvenience, unhappiness or incompatibility of temperament or disposition, or the desire for pre-marriage freedom, or because the material comforts of life are not provided as abundantly as was anticipated or expected. The obligations created are reciprocal. Each has undertaken to do his part to the measure of his ability and capacity, and more than that neither can require. An action for divorce involves something more than a private controversy. It also concerns the public, and liberal as are the statutes of Ohio in providing causes for divorce, the legislature has not so far seen fit to provide that divorce may be granted on the mere ground of expediency.

Judge Richards and myself are of the opinion that the judgment is clearly and manifestly against the weight of the evidence and should be reversed, but since the law requires the concurrence of all of the members of the court to reverse a judgment on that ground, and Judge Williams is of the contrary opinion, the judgment is affirmed.

Williams, J, concurs in judgment of affirmance.

Lloyd and Richards, JJ, concur in opinion and dissent from the judgment.