**BELCHER, Plaintiff-Appellee, v. BELCHER, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6080.  Decided May 26, 1959.

Keith McNamara, Columbus, for plaintiff-appellee.
Henry A. Reinhard, Columbus, for defendant-appellant.

(SKEEL, J, of the Eighth District, sitting by designation in the Tenth District.)

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered for the plaintiff by the Court of Common Pleas (Domestic Relations Division) of Franklin County.  The action was one seeking divorce.

The plaintiff filed her petition June 13, 1958.  Personal service was had on the defendant on June 16 and returned by the sheriff on June 20, 1958.  The defendant filed his motion to make the petition definite and certain on July 10, 1958, and without a ruling on the motion journalized on the record, the plaintiff complied with defendant's request by filing an amended petition on September 5, 1958, setting out facts which she alleged supported her claim that the defendant had been guilty of gross neglect of duty.  These allegations are that the defendant failed to support the plaintiff and the three children born of this marriage, that he drank excessively, and preferred the company of other women rather than to entertain the plaintiff, that he struck the plaintiff and abused her so that she had to move to the home of her parents.  Further, that he has failed to pay obligations incurred, causing plaintiff much embarrassment, and has not conducted himself in a manner which a wife has a right to expect.  The defendant did not file an answer.

On October 28, 1958, after trial on October 25, as an uncontested case, a journal entry was filed and journalized granting the plaintiff a decree of divorce on the ground of gross neglect of duty.  A motion for new trial was filed the same day the decree for the plaintiff was journalized, setting up four grounds or claims in support of the motion, which are in substance as follows:

1. That there was no service of summons on defendant on the plaintiff's amended petition.

2. Fraud alleged to have been perpetrated by plaintiff against the defendant in securing the divorce.

3. Neither the defendant nor his counsel were apprised of the time of the hearing.

4. That the purported amended petition substantially changed the allegations as set forth in the original petition and since no service was had upon the defendant on the amended petition, he had no opportunity to interpose a defense.

The court, on December 1, 1958, rendered a written decision giving the reasons for overruling the motion for new trial (referred to by the court as a motion to vacate the decree of divorce), which opinion was filed by the court with the papers in the case. No bill of exceptions was presented by the defendant to demonstrate any basis for his claims set out in the motion so that in considering this appeal only such facts as appear on the face of the record can be considered.

The plaintiff filed an affidavit as evidence (on defendant's motion for new trial) in support of her contention that the defendant was notified as to the date set for the hearing of the case on the merits. The notice was accomplished by the assignment commissioner mailing a post card. This card stated the fact that the case would be heard October 25, 1958, at 9:00 A. M. of that day. The card was dated October 15, 1958, as shown by a copy thereof said to have been received by plaintiff's counsel. This card was attached to counsel's affidavit filed November 24, 1958, in support of his contentions on the hearing on defendant's motion to vacate the decree of divorce or the motion for new trial as designated by the defendant.

Upon giving notice of appeal, the defendant filed the following assignments of error:

"1. That there was no service of summons upon the defendant upon the amended petition and that this defendant was not legally served with process according to law. The trial Court was without jurisdiction to hear the case.

"2. That neither the defendant nor his counsel were apprised of the time of the hearing of the divorce.

"3. That the purported amended petition substantially changed the allegations as set forth in the original petition and since no service was had on the defendant he had no opportunity to interpose a defense."

The amended petition did not change the issues of fact or the grounds upon which plaintiff prayed for divorce as set out in the petition filed on June 13, 1958, so that new service on the defendant on the amended petition was unnecessary. The ground alleged by the plaintiff upon which she claimed to be entitled to a divorce in both petitions, was gross neglect of duty. While some of the allegations in the amended petition might not, on strict construction, be directly applicable to the grounds alleged, yet the defendant did not see fit to file a second motion seeking to strike such allegations from the petition. There is no legal requirement for new service in a divorce action because of the filing

of an amended petition, particularly where the amended petition restated the same cause of action as contained in the original petition.

In the case of **Hanna v. Hanna, 93 Oh Ap 270,** at **page 279,** 114 N. E. (2d), 133, 138, the court said:

"We think it requires no citation of authorities to fortify the statement that the original service conferred jurisdiction upon the court over the defendant to grant relief to the full extent of the prayer based on the cause of action alleged and proven. It also forewarned the defendant that the court might make interlocutory orders without further notice. We are advised of no rule of court requiring notice of the filing of an amended petition before the answer day. Certainly, causing summons and a copy of the amended petition to be served by mail upon the defendant satisfies all reasonable requirements. If the filing of the amended petition related back to the filing of the petition, which we think it did, then clearly no further service or notice was required.

"When we consider that service in all respects regular was made upon filing the petition and that actual notice was brought to the defendant by an irregular service on the filing of the amended petition, and that the divorce was granted on the ground of extreme cruelty alleged in both the original and amended petition in exact terms, we cannot doubt that the court acted within its jurisdiction."

In the case now being considered, the defendant was personally served with process. After service, he appeared in court seeking by motion to direct the plaintiff to make her petition definite and certain. We find, therefore, that the court was vested with jurisdiction to try the right of the plaintiff to a divorce on the allegations of the amended petition. This view is further supported by the case of **Arnold v. Arnold, 110 Oh St 416, 144 N. E. 261,** where the Supreme Court said in the second paragraph of the syllabus:

"2. An action for divorce, though more than one of the statutory causes may be relied upon, constitutes a single cause of action and operative facts may support more than one of the causes relied upon. In such event it is not necessary to classify the allegations under the respective statutory causes and even though certain allegations more particularly applicable to one statutory cause may be wholly insufficient to sustain that cause independently of other causes such allegations are pertinent and may be considered for the purpose of lending weight and color to other causes more particularly relied upon."

Assignment of error three is also overruled for the reason that, as just stated, the amended petition did not change the plaintiff's cause of action. The defendant was before the court in a divorce action on a petition that charged that he was guilty of gross neglect of duty. This was the cause of action which was tried by the court and a decree of divorce was entered on the ground alleged.

The second claim of error, namely, that neither the defendant nor his counsel was apprised of the time the case was set for trial, is not sustained by the record. It would require a bill of exceptions setting out the evidence on the motion for new trial (or motion to vacate the decree of divorce) to give consideration to this claim of error. Such

evidence is not before this court and we must, therefore, assume that the court correctly decided that question in ruling on the motion against the claim of the defendant.

For the foregoing reasons, the judgment of the Court of Common Pleas is affirmed.

BRYANT, PJ, DUFFY, J, concur.