Williams, J.
 

 It appears from the record that no summons was issued on the cross-petition and that the trial took place on the same day that the charges of extreme cruelty were first made against the plaintiff
 
 *372
 
 by the defendant. The plaintiff was of course a resident of the county in which the petition was filed and a summons on the cross-petition could have been served on her together with a copy of the amended answer and cross-petition.
 

 Was such service requisite to the validity of a decree of divorce rendered on the cross-petition in favor of the defendant?
 

 An epitome of the -decisions in this state covering the subject may be found in 14 Ohio Jurisprudence, 421, Section 36: “While the weight of authority seems to be in favor of the proposition that a summons to the plaintiff is required upon a cross petition filed by the defendant, in a divorce or alimony proceeding under the Ohio statutes, it may be questioned whether such proposition is as yet definitely established as the law of Ohio. It would seem that the holdings that proceedings upon a cross petition are not subject to the statutory requirements relative to proceedings upon the original petition with respect to (1) the residence of the petitioner, and (2) the time within which the cause may be heard, bear sufficiently close analogy to the present question to furnish rather strong support for the view that a summons upon a cross petition is not required.”
 

 None of the decisions cited by the author, however, is by this court, and, there being no pronouncement by the court of last resort, the question is an open one in this state.
 

 With reference to process in divorce and alimony cases there are special statutory provisions which are not applicable to other cases; the first concern in the instant case is with their interpretation in the light of recognized canons of construction.
 

 Where an action for divorce or alimony is brought in the proper county against a defendant who is a resident of the state, summons and a copy of the petition
 
 *373
 
 shall he issued to any county of the state for service upon the defendant and shall be served at least six weeks before the hearing of the case. Section 11983, General Code. If the defendant is not a resident of this state, or his residence is unknown, notice of the pendency of the action must be given by publication, as in other cases. In such a case a summons and copy of the petition shall forthwith on the filing of that pleading be deposited in the post office, directed to the defendant, unless it is made to appear by affidavit or otherwise that defendant’s residence is unknown and cannot with reasonable diligence be ascertained. Section 11984, General Code. The cause may be heard and decided after the expiration of six weeks from the service of summons, or after the first publication of notice is made. Section 11985, General Code. It is necessary for the court to hear the cause on evidence, whether or not the defendant appears, or admits or denies in his answer the allegations of the petition, and grounds for divorce charged in the petition must be proved to the satisfaction of the court. Section 11986, General Code. Divorce and alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence, and no admission shall be received which the court has reason to believe was obtained by fraud, connivance or other improper means. Section 11988, General Code.
 

 The only provisions of the General Code referring specifically to a cross-petition in divorce and alimony cases are the following: Section 11997, General Code: “When the wife files her petition for divorce, or alimony, the husband may file a cross-petition for divorce, upon either cause hereinbefore mentioned. The wife may file her petition for alimony alone,- or, if a petition for divorce has been filed by the husband, she may file a cross-petition for alimony, with or without a prayer for the dissolution of the marriage contract.
 
 *374
 
 Such petition or cross-petition for alimony may be for the following causes: [Causes enumerated] * * *.”
 

 Section 11986, General Code: “* * * Upon the granting of a divorce, whether on a petition or cross-petition, by force of such judgment each party shall be barred of all right of dower in real estate situated within this state of which the other was seized at any time during coverture.”
 

 This provision in Section 11986 was recently added thereto by amendment without changing the other provisions thereof.
 

 The statutes regulating procedure in divorce and alimony have created certain safeguards which do not apply to any other action, among which are those relating to process and time of hearing. As heretofore indicated it is required that the clerk “shall issue” a summons together with a copy of the petition, if the defendant is a resident of the state, and if not, or his residence is unknown, notice of the action “must” be given by publication. And, again, requirement that the case be heard only after the expiration of six weeks from the service of summons or the first publication of notice carries the implication that the six weeks period does not begin to run until such service or publication is made. Other provisions referred to are intended to educe full proof of charges and prevent fraud, connivance and collusion. If these statutory safeguards as to process and time of hearing apply only to a cause of action in a petition, and not to one contained in a cross-petition, then the statutes fail to fully accomplish their plain purpose, which is to afford opportunity for defense, assure a full and fair hearing, and prevent the granting of unwarranted divorces. Chance only makes a party a plaintiff rather than a defendant. In any action, had the defendant filed the original suit instead of becoming a cross-petitioner, no one questions that he would have been bound by these safeguards ; the fact that by turn of events he became de
 
 *375
 
 fendant and cross-petitioner, instead of plaintiff, should not free him from their restraint.
 

 In the instant case a divorce was granted to the defendant seemingly without plaintiff’s personal knowledge that the charges of extreme cruelty and adultery had been made against her. Obviously, if a plaintiff fails to appear on the day set for trial and the cause may be heard forthwith on the filing of a cross-petition without process, then a divorce may be granted on the cross-petition without any opportunity for plaintiff to be heard, and without plaintiff’s knowledge. Such a procedure would be contrary to the spirit of the divorce statutes. Moreover, the cross-petition was filed by leave of court more than six months after the commencement of the action, and no time was allowed for plaintiff to file an answer. It is true the statutes make no reference to an answer to a cross-pétition, but only to an answer to a petition. It is also true that no rule days are fixed in cases of this kind, other than necessarily implied in the provision for hearing after six weeks transpire. Surely these provisions for answer and lapse of time are as essential to the protection of the rights of parties with reference to issues made on the cross-petition as to those made on the petition. Of course there is not exactly the necessity for rule days that exists in other cases, as there can be no default judgment entered in a divorce case, and the material allegations of the petition or cross-petition must be proved to the satisfaction of the court, whether an answer is on file or not; but the plaintiff is entitled to the allotted time of six weeks to answer the cross-petition, whether it is or is not taken advantage of by filing an answer thereto. By analogy in interpretation the right of plaintiff to answer and defend against the cross-petition is conserved under the statutes; therefore, entry of judgment on the day the cross-petition
 
 *376
 
 was filed was irregular and not in accordance with legal requirements.
 

 Gathered from all the statutes, the legislative intent was plainly to give, expression to well-recognized legal-policy. The state is concerned in the administration of justice in divorce cases and in every such case there is involved a question of public policy. Marriage is the foundation of society, and out of the nuptials there arises a social status. Marriage is therefore more than a mere contract, and to many, due to their religious belief and the nature of the marriage ceremony, it is a sacrament. The policy of the law is to fully protect the institution of marriage, by decree of court, against dissolution through fraud, collusion, or connivance or without full opportunity for investigation and hearing. In keeping with this purpose the legislature has enacted the provisions peculiar to the issuance and service of process and the time of hearing in cases of this kind, and if this court does not apply them as against a defendant seeking a divorce the legislative will is frustrated. In our judgment these protective measures were intended to apply whether a spouse sues for divorce as plaintiff or defendant. This court holds therefore that the statutes as to service of process and time of hearing in such actions pertain to a cross-petition as well as a petition.
 

 It appears from the above quoted motion for a new trial and to set aside the decree, that the hearing on plaintiff’s petition was set for January
 
 24?
 
 1935, at 2:00 p. m.; that the defendant filed a cross-petition on the forenoon of the same day; that an immediate hearing was had thereon; and that, in the absence of the plaintiff a divorce was granted to defendant on testimony that was untrue. It is charged orally by counsel on behalf of the wife in open court, and by brief, that the trial court granted the divorce to the husband on serious charges without the wife’s personal knowledge
 
 *377
 
 and without any opportunity for her to make a defense or have her day in court, and that such action in itself constituted reversible error. The fact that these assertions are made in the motion, in the brief, and in open court do not make them part of the record. It does appear from the record, however, that in addition to lack of process on the cross-petition the plaintiff was not given opportunity of a full hearing and defense, and that the trial court’s action in finding the plaintiff guilty of adultery and extreme cruelty without a fair chance to plaintiff to explain or deny such serious charges constituted a palpable perversion of judicial power. Enough appears from the record to show an abuse of discretion warranting a reversal of the judgment of the trial court on that ground.
 

 It does not necessarily follow that divorces granted on a cross-petition without process are
 
 ipso facto
 
 void and of no effect, for many a decree of this kind is granted upon full hearing and adequate opportunity for defense.
 

 For the reasons given the judgments of the courts below will be reversed and the cause remanded for a new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.