*660
 
 Williams, J.
 

 The sole question is whether the trial court had jurisdiction over the person of the defendant.
 

 By statutory enactments certain safeguards have been established with respect to procedure in divorce actions as was explained in
 
 Calvert
 
 v.
 
 Calvert,
 
 130 Ohio St., 369, 199 N. E., 473. These statutes contemplate service of process upon the adverse party. Section 11985, General Code, for instance, provides that a divorce action may be heard and decided after the expiration of six weeks from the service of summons or from the first publication 'of notice. It is not contemplated that a party seeking a divorce may file his petition accompanied by a waiver of service and entry of appearance signed by the defendant and secure a divorce decree forthwith. The statutory safeguards must be preserved.
 

 One of the aims of those protective enactments is the prevention of collusion between the parties. The court will always scan .waiver of process, entry of appearance, withdrawal of answer, consent to a trial without contest and like steps in determining whether in the light of all the circumstances collusion exists between the parties and will dismiss the action when collusive conduct is shown; but it is quite another matter to hold that jurisdiction over the defendant does not attach when the defendant comes into court voluntarily and pleads to the merits after irregular service of process. Collusion and jurisdiction of the person should not be confused.
 

 Legal policy, which condemns the granting of a divorce when collusion exists, does not require that the safeguarding statutes be construed with a literalism that would deny existing jurisdiction of the court over the person of a party. It cannot be soundly asserted that the defendant may never enter his appearance and submit his person to the jurisdiction of the court in
 
 *661
 
 a-divorce action. In fact the weight of authority'in outside jurisdictions sustains the view that pleading to the merits may constitute a valid and binding entry of appearance.
 
 King
 
 v.
 
 King
 
 (Mo. App.), 170 S. W. (2d), 982;
 
 Anderson
 
 v.
 
 Anderson,
 
 121 W. Va., 103, 1 S. E. (2d), 884;
 
 Chambliss
 
 v.
 
 Chambliss,
 
 182 Miss., 480, 181 So., 715;
 
 Wright
 
 v.
 
 Wright,
 
 230 Ala., 35, 159 So., 220;
 
 Clay
 
 v.
 
 Clay,
 
 134 Miss., 658, 99 So., 818; 27 Corpus Juris Secundum, 683, Section 98; 17 American Jurisprudence, 301, Section 294.
 

 In the divorce case of
 
 Black
 
 v.
 
 Black,
 
 110 Ohio St., 392, 144 N. E., 268, the following statement appears in the
 
 per curiam
 
 opinion:
 

 “Upon the question of jurisdiction it need only be further stated that the defendant, not merely by his pleadings, but by his appearance in open court, waived any question of jurisdiction over his person, as is well settled by a long line of decisions of this court; the latest one, wherein the previous ones are cited being
 
 Klein
 
 v.
 
 Lust, ante,
 
 [110 Ohio St.] 197, 143 N. E., 527, decided April 15, 1924.”
 

 The
 
 Black case
 
 is authority for the principle that the appearance of the defendant may be entered in a divorce action so as to give jurisdiction over the person of the defendant; but the opinion in that case should be read in the light of the surrounding facts. There was at least attempted service on Black, as an examination of the original record shows, and he filed a pleading and defended the action.
 

 There was actual service of summons upon defendant Tucker. The service was subject to a motion to quash because there is no statutory authority for service out of the state in the manner made. No such motion was filed and the service was not quashed. By the filing of an answer in which was incorporated a waiver of summons, an entry of appearance and a de
 
 *662
 
 nial of material averments of the petition, the defendant entered his appearance and submitted his person to the jurisdiction of the court. There was a substantial compliance with Section 11985, General Code, for in view of the foregoing circumstances the six-week period hereinbefore referred to would be deemed to have run from the service of summons, though such service was irregular. Jurisdiction over the person having attached, it was not lost when the defendant requested withdrawal of his answer and consented that the case go forward as an uncontested matter. Whether there was collusion is an entirely different consideration.
 

 The trial court in finding that, if it had jurisdiction of the person of defendant, plaintiff was entitled to a divorce, must necessarily have reached the conclusion that there was no collusion, for collusion bars a divorce. However that may be the record does not show collusion as a matter of law and, therefore, this court cannot say that the doctrine of harmless error applies.
 

 The trial court erred to the prejudice of the plaintiff in dismissing her petition for want of jurisdiction over the person of the defendant, and the Court of Appeals likewise erred in entering judgment of affirmance. The judgments of the courts below will, therefore, be reversed and the cause remanded to the Court of Common Pleas for further proceeding not inconsistent with this opinion.
 

 Judgment reversed.
 

 Matthias, Hast, Zimmerman, Bell and Turner, JJ., concur.
 

 Weygandt, C. J., not participating.