Zimmerman, J.
 

 Because of the interest of the public in the preservation of the marital status, divorce suits
 
 *32
 
 are accorded-different treatment from ordinary civil actions, and it becomes the duty of a court in such cases to be vigilant against collusion and to see that there is compliance with the applicable statutes. 14 Ohio Jurisprudence, 377, Section 3; 20 Ann. Cas., 341. Divorce, of course, is entirely a statutory matter.
 

 Since the early case of
 
 Harter
 
 v.
 
 Harter,
 
 5 Ohio, 318, the courts of Ohio have been prone to give a strict construction- to the divorce laws and have held that the statutes relating to service or notice should be observed. 14 Ohio Jurisprudence, 416, Section 35;
 
 Calvert
 
 v.
 
 Calvert,
 
 130 Ohio St., 369, 199 N. E., 473.
 

 Thus, this court, in
 
 Ferrel
 
 v.
 
 Ferrel,
 
 rendered a decision found in 2 W. L. J., 427, 1 Dec. Rep., 135, and reported as follows:
 

 “Defendant lives in Clark county, Ohio. His counsel acknowledged service more than six weeks before the term, and filed his answer. Held, that the statute requiring either personal service or advertisement, is peremptory, and cannot be dispensed with.”
 

 Generally, under statutes pertaining to divorce which demand personal service or notice by publication, waiver of service or acknowledgment of service is not sufficient or effective. 17 American Jurisprudence, 301, Section 294.
 

 Relator cites and relies on
 
 Black
 
 v.
 
 Black,
 
 110 Ohio St., 392, 144 N. E., 268. There, however, the defendant pleaded,' was personally present to defend the action and, as pointed out by Judge Williams, in his opinion in
 
 Tucker
 
 v.
 
 Tucker,
 
 143 Ohio St., 658, 56 N. E. (2d), 202, there had been attempted service on him. Besides, the language of the court in the
 
 per curiam
 
 opinion in the
 
 Black case,
 
 that, by his actions, the defendant Black had waived any question of “ jurisdiction over liis person,” seems to have been directed primarily to
 
 *33
 
 that phase of the suit having to do with the custody of the child. See 14 Ohio Jurisprudence, 417, note 16.
 

 In the
 
 Tucker case, supra,
 
 recently decided, there was personal service on the defendant outside Ohio, which, though irregular, was not' quashed or sought to be quashed. Later, the defendant filed an answer containing an entry of appearance, a waiver of summons and a denial of some of the principal allegations of the petition. Upon that combination of facts this court took the view that the Court of Common Pleas acquired jurisdiction and possessed the authority to enter a decree of divorce in favor of the plaintiff. In the present case
 
 there ivas no service of any kind and no ansioer.
 
 We are of opinion that the
 
 Tucker case
 
 should not be extended beyond the particular facts there involved.
 

 As it affects the instant controversy, Section 11984, General Code, recites that where the defendant in a divorce action is not a resident of Ohio, notice of the pendency of the action must be given by publication and a summons and copy of the petition-mailed forthwith to the defendant where he (or she) resides.
 

 By the terms of Section 11985, General Code, the cause may be heard and decided after the expiration of six weeks
 
 from the service of summons or the first publication of notice.
 
 If courts should brush aside in essential respects these statutory provisions expressly governing divorce actions, the result would be judicial legislation.
 

 A writ of procedendo is in substance a writ of mandamus.
 
 State, ex rel. Smith,
 
 v.
 
 Smith,
 
 69 Ohio St., 196, 201, 68 N. E., 1044, 1046. This being so, it would seem logically to follow that the one asking its issuance should show a clear right thereto. 25 Ohio Jurisprudence, 997, Section 23.
 

 
 *34
 
 We conclude that the petition does not contain allegations entitling relator to the requested writ. The demurrer to the petition is therefore sustained, and, relator not wishing to plead further, the writ is denied-
 

 Writ denied.
 

 Weygandt, C. J., Bell, Williams, Turner, Matthias and Hart, JJ., concur.