Williams, J.
 

 Specifically stated, the question presented is:
 

 Was tlie respondent, acting in his judicial capacity as a trial judge, justified in refusing to proceed with the divorce case on the ground that the court did not have jurisdiction to hear and determine the cause?
 

 There can be no question that such tribunal was invested with jurisdiction of the subject matter, and no claim is made that the defendant in the divorce action was not legally bound by his waiver of his rights as a soldier; but the crux of the contention made by respondent’s counsel is that Sections 11983 and 11985, General Code, which apply only to divorce cases, must be strictly complied with and an entry of appearance is of no avail to give jurisdiction of the person under any circumstances.
 

 These sections read thus:
 

 “Section 11983. When the defendant is a resident of this state, the clerk shall issue a summons directed to the sheriff of the county in which he or she resides or is found, which, together with a copy of the petition shall be served on him or her at least six weeks before the hearing of the cause.”
 

 “Section 11985. The cause may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice.”
 

 The general rule in divorce eases is that service of process must be made in accordance with the statutes and that an entry of appearance without service is insufficient to bring in the party from whom the divorce is sought. The rationale of the rule is that the statutes applicable to divorce (Sections 11979 to 12003, inclusive, General Code) provide certain safeguards
 
 *196
 
 which, must be given full recognition.
 
 Calvert
 
 v.
 
 Calvert,
 
 130 Ohio St., 369, 199 N. E., 473. Yet where all the safeguards are present and operative in a given case, entry of appearance by the defendant is effectual to prevent dismissal for want of jurisdiction over his person; and when personal service, which though irregular is not quashed or sought to be quashed, is followed by entry of appearance, by filing an answer or by any other recognized step, all the safeguards are preserved. The irregular personal service gives notice and fixes the starting point of the six-week period as effectually as regular personal service; the entry of appearance during the time the irregular service remains unquashed brings the defendant into court; and there is no more danger of collusion than there would be if the service of process were regular in every respect. After all, collusion is a separate matter for determination in each case. Under the circumstances of the instant case there was a substantial compliance with all protective requirements. With the safeguards present, it cannot logically be said that there was no jurisdiction of the person. A contrary position would not be in accord with accepted principles of jurisprudence.
 

 This elaboration of principles is but a detailed explanation of the pronouncement in the syllabus in
 
 Tucker
 
 v.
 
 Tucker,
 
 143 Ohio St., 658, 56 N. E. (2d), 202. The syllabus in that case reads thus:
 

 “In an action for divorce, the court acquires jurisdiction of the defendant where he, after personal service irregularly made on him which is not quashed or sought by him to be quashed, files an answer in which is incorporated an entry of appearance, a waiver of issuance and service of summons, and a denial of material averments of the petition.”
 

 This court is satisfied with that rule, which is in accord with the weight of authority. It does not follow from what was stated in that syllabus, however,
 
 *197
 
 that a denial of material averments of the petition is essential to give jurisdiction of the person of the defendant. The allusion to such a denial merely served to hold the pronouncement to the facts of that particular case. Although the answer in the divorce case involved herein does not deny any material fact alleged in the petition, the legal aspects of the instant case are not thereby altered.
 

 The case of
 
 State, ex rel. Haun,
 
 v.
 
 Hoffman, Judge,
 
 145 Ohio St., 31, 60 N. E. (2d), 657, is distinguishable by the fact that there was no service whatever in the divorce action involved in that case.
 

 For the purposes of the general demurrer, the facts alleged in the petition herein must be taken to be true. Since the allegations of the petition herein show that the essential facts in the divorce action involved in the instant case are parallel with those in the
 
 Tucker case, supra,
 
 so far as the question of jurisdiction of the person is concerned, the general demurrer to the petition is overruled and, the respondent not desiring to plead further, the writ of
 
 procedendo
 
 is allowed and judgment rendered accordingly in favor of the relatrix.
 

 Writ allowed.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.