HANNA, APPELLEE, *v.* HANNA, APPELLANT.

(No. 7647—Decided November 24, 1952.)

*Mr. J. Louis Warm,* for appellee.
*Messrs. Dinsmore, Shohl, Sawyer & Dinsmore,* for appellant.

MATTHEWS, J. This is an appeal on questions of law in an action for divorce from an order overruling a motion to vacate a final decree for divorce and for a new trial. The defendant, appellant herein, alleged in her motion several reasons for setting aside the divorce decree, but all were predicated upon her contention that the court had not acquired jurisdiction because of inadequate service. In oral argument and by their brief her counsel confined themselves to the jurisdictional question.

The question of whether the jurisdiction of the court

to enter the divorce decree can be considered by this court in the absence of a showing of an abuse of discretion was discussed in the briefs and at the bar, but as the only ground presented or which is necessary to consider goes to the jurisdiction of the court, and, if sustained, would render the divorce decree entirely void, we do not consider the order, as regards its appealability, as a motion for a new trial, but rather as an order made on a motion to have the court rectify its journal by entering an order setting aside the void decree. If the court has acted beyond its jurisdiction, its record should be corrected. Overruling a motion to set aside such a decree is a final order.

This action was begun by the filing of a petition for divorce, in which plaintiff alleged facts constituting extreme cruelty as the ground for divorce. There was attached to the petition a praecipe for summons. The clerk of courts on the same day issued the summons and mailed an attested copy of the petition and the summons to the defendant at her home in Pittsburgh, Pennsylvania. An affidavit for constructive service was filed with the petition. The notice was duly published and proof thereof duly filed on May 22, 1951, and approved by the court on the same day.

While the publication was in progress the plaintiff filed a motion for leave to file an amended petition, which was granted. Thereupon the amended petition was filed and summons issued and mailed to the defendant at her home in Pittsburgh, together with a copy of the amended petition, in conformity with Section 11360, General Code, applicable in civil actions. Notice of the filing of the amended petition was not published.

· The amended petition, without referring in terms to the original petition, repeated all its allegations relating to residence and extreme cruelty as a ground of divorce, and, in addition, alleged the existence of a

prior marriage at the time the defendant went through the marriage ceremony with the plaintiff.

The defendant not having answered or otherwise entered her appearance, the cause came on for hearing on September 25, 1951, and the court granted the decree of divorce. The decree recited that the cause came on to be heard on the amended petition and the evidence, the defendant being in default although duly served. The court thereupon found that the plaintiff had the required residence and that the defendant had been guilty of extreme cruelty and granted the plaintiff a divorce on that ground, which was the ground alleged in both the petition and amended petition. On September 27, 1951, the defendant filed this motion, the overruling of which is the predicate for this appeal.

Constructive service in divorce actions is authorized by Section 11984, General Code, which provides:

"If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases. Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be deposited in the post-office, directed to the defendant at his place of residence."

It is not disputed that this section would have been complied with had the hearing been on the petition and the divorce granted thereon. The claim is that by filing the amended petition the plaintiff, *ipso facto*, abandoned his original petition, so that if he desired to proceed, it was necessary for him to obtain the same kind of service upon the defendant as though the filing of the amended petition constituted the commencement of the action. Counsel assert that such has been the settled law of Ohio for more than 100 years, and

cite various cases and the text of Ohio Jurisprudence as supporting their position. Let us examine those authorities.

Counsel rely on the guarded statement in 14 Ohio Jurisprudence, 417, Section 35, which is as follows:

"Compliance with the provisions as to process cannot, as a general rule, be waived by the defendant, and it has been held, under this doctrine, that neither the voluntary entry of the defendant's appearance, nor an acknowledgment of acceptance of service by counsel, on behalf of the defendant, is sufficient to confer jurisdiction in a divorce proceeding. This rule is applicable also to process on an amended petition."

It will be observed that the author of that text purported to state the general rule and not the exceptions. It will be noted also that the statement is limited to an enumeration of certain acts that would not serve as a substitute for process. The caution of the text writer has been vindicated by the tenor of later Supreme Court decisions.

The decisions at the time the text was written justified a statement that no waiver, express or implied, would serve as a substitute for an entire absence of any attempt to obtain service. They do not hold that defects in service can not be waived.

In the case of *Smith* v. *Smith*, Wright, 643, it does not appear except, perhaps, by implication, that any service was had on the original petition.

In *Harter* v. *Harter*, 5 Ohio, 318, there was no attempt whatever to make the only service authorized by law, to wit, service by publication.

In *Edwards* v. *Edwards,* 20 N. P. (N. S.), 605, 29 O. D., 46, there was no attempt to serve the defendant either actually or constructively. The court pointed out that in the absence of a publication or service of summons, there was an absence of datum from which to calculate the six-week period that must elapse be-

fore the court would have jurisdiction to hear the cause under Section 11985, General Code. The court pointed out also that where parties to a divorce action come into court in agreement as to the court and the relief desired by each, the facts establish a prima facie case of collusion for the purpose of obtaining a divorce.

*Black* v. *Black,* 110 Ohio St., 392, 144 N. E., 268, cited and commented on in 14 Ohio Jurisprudence, rather clearly indicated the later trend of Supreme Court decisions. The language of the opinion is broad enough to justify the conclusion that the holding was that in all circumstances the appearance of the defendant in open court and the filing of pleadings constitute a waiver of any question of jurisdiction. However, as pointed out later in *Tucker* v. *Tucker,* 143 Ohio St., 658, 661, 56 N. E. (2d), 202, there was an attempted service on Black, and he filed an answer and defended the action.

Of the cases decided since 14 Ohio Jurisprudence was published, counsel relies, it seems, chiefly upon *Calvert* v. *Calvert,* 130 Ohio St., 369, 199 N. E., 473. However, all that case decided was that the provisions for service applicable on a petition for divorce were equally applicable on a cross-petition for divorce and that the granting of a divorce on a cross-petition on the day the cross-petition was filed without any kind of service or notice was erroneous. Even so, the court qualified its statement by saying:

"It does not necessarily follow that divorces granted on a cross-petition without process are *ipso facto* void and of no effect, for many a decree of this kind is granted upon full hearing and adequate opportunity for defense."

It doesn't seem to us that a consideration of *Calvert* v. *Calvert* helps in the solution of the problem presented in the case at bar.

Of the later cases, the first is that of *Tucker* v. *Tucker, supra,* already referred to. In that case the defendant was a resident of California. No notice to him was published or attempted. The only service was by a summons issued to a sheriff in California, which was served personally upon defendant in California. Later, the defendant filed a "waiver and answer," signed personally by him, in which he waived service of summons, entered his appearance, and, after admitting the marriage and residence of the plaintiff, denied all other allegations. Still later, he wrote a letter to the clerk of courts in which he stated that he did not want to take advantage of his rights under the Soldiers and Sailors Relief Act, that he withdrew his answer, and that he was "willing to permit the case to go forward as an uncontested matter."

The Common Pleas Court refused a divorce on the ground that it had no jurisdiction. The Court of Appeals affirmed the judgment. The Supreme Court reversed the judgments and remanded the case for further proceedings according to law. In the course of the opinion, at page 660, the court said:

"It cannot be soundly asserted that the defendant may never enter his appearance and submit his person to the jurisdiction of the court in a divorce action."

Further on, on pages 661 and 662, the court said:

"There was actual service of summons upon defendant Tucker. The service was subject to a motion to quash because there is no statutory authority for service out of the state in the manner made. No such motion was filed and the service was not quashed. · By the filing of an answer in which was incorporated a waiver of summons, an entry of appearance and a denial of material averments of the petition, the defendant entered his appearance and submitted his person to the jurisdiction of the court. There was a substantial compliance with Section 11985, General

Code, for in view of the foregoing circumstances the six-week period hereinbefore referred to would be deemed to have run from the service of summons, though such service was irregular. Jurisdiction over the person having attached, it was not lost when the defendant requested withdrawal of his answer and consented that the case go forward as an uncontested matter. Whether there was collusion is an entirely different consideration.''

Disregarding for the moment the defendant's contention in relation to the effect of the filing of the amended petition, it seems to us that if the service attempted in *Tucker* v. *Tucker, supra,* taken in conjunction with defendant's appearance was sufficient to give the court jurisdiction, certainly the service of summons in this case plus the failure of the defendant, knowing the facts, to take any action for months after the expiration of the six-week period, should be sufficient to confer jurisdiction.

Next is *State, ex rel. Haun,* v. *Hoffman, Judge.* 145 Ohio St., 31, 60 N. E. (2d), 657, which was an original action in the Supreme Court, invoking its jurisdiction in procedendo to compel the defendant, a judge of the Common Pleas Court, to hear a divorce action. The defendant in the divorce action was a nonresident. Eight days after the petition for divorce was filed, he filed a written waiver of the issuance and service of summons and an entry of appearance. More than six weeks thereafter, the plaintiff appeared with his witnesses and requested a hearing. The court refused, whereupon the action in procedendo was filed. On demurrer to the petition setting forth these facts, the court held that they did not state a case for the writ and sustained the demurrer.

In distinguishing the case from *Tucker* v. *Tucker, supra,* where there was service, though irregular, and subject to a motion to quash, and an answer, the court

said: "In the present case *there was no service of any kind and no answer.*" In reaching its conclusion, the court commented on most of the cases that had been decided prior thereto.

Finally, in *State, ex rel. Engh,* v. *Hoffman, Judge,* 146 Ohio St., 193, 65 N. E. (2d), 59, the court granted a writ of procedendo, requiring the judge of the Common Pleas Court to proceed to hear a divorce action in which the situation presented was almost identical with the facts in *Tucker* v. *Tucker, supra.*

The syllabus, which we quote, sufficiently indicates the decision:

"Under Section 11979 *et seq.,* General Code, an entry of appearance of itself does not give jurisdiction over the person of the defendant in a divorce case; but where in such a case personal service of process, though irregular, is neither quashed nor sought to be quashed and is followed by an entry of appearance by the filing of an answer or otherwise, the safeguards provided for in the statutes are preserved and the court acquires jurisdiction of the person of the defendant. (*Tucker* v. *Tucker,* 143 Ohio St., 658, approved and followed.)"

In the case at bar we have service in every respect in conformity to law on the filing of the original petition. Had the case proceeded to trial upon the original petition and a decree been granted on the ground of extreme cruelty, the validity of the decree could not have been questioned. On the filing of the amended petition, a service was made having the same irregularities that existed in the service in *Tucker* v. *Tucker* and *State, ex rel. Engh,* v. *Hoffman, Judge, supra.* While an answer was filed in the *Tucker case,* it had been withdrawn, and no answer was filed in the other case or in the case at bar. The situations are so nearly identical that should we regard the filing of the amended petition as supplanting the original petition

for all purposes, we would still be required to sustain the jurisdiction of the court and the validity of the decree.

However, we are of the opinion that the filing of the amended petition did not constitute an abandonment of the cause of action alleged in the petition. It is the *statement* of that cause of action that is abandoned. By filing an amended petition rather than an amendment to his original petition, the plaintiff manifested an intention to *restate* the cause of action alleged in his petition. Accordingly, the courts so consider the amended petition and refrain from looking to the allegations of the original petition to strengthen or weaken the allegations of the amended petition. That is our understanding of the reasoning of the cases cited by the appellant. As is said in the syllabus to *Raymond* v. *Toledo, St. L. & K. C. R. R. Co.*, 57 Ohio St., 271, 48 N. E., 1093, on the effect of filing an amended petition it "will be regarded as implying an abandonment of the case made in the original petition, and as selecting this as the pleading on which he founds his suit, and the only petition which the court is to consider in determining the issues to be tried."

That a plaintiff could withdraw an amended petition, whereupon the original petition would be regarded as the statement of the plaintiff's cause of action is not doubted.

In *Harding* v. *Talbott, Exr.*, 60 Ohio App., 523, 526, 22 N. E. (2d), 221, the court said:

"In the instant case the defendant was in court by summons issued on the original petition, which was based on *quantum meruit*. The second amended petition is really a restatement of the original claim. True, the position taken in the first amended petition was abandoned, but plaintiff simply reverted to her original position taken in the petition in which summons was issued. Plaintiff could at any time, by leave of

court, have withdrawn her first amended petition and refiled the original petition. Her position was not changed by the redrafting of the same cause of action, denominated a 'second amended petition.' ''

That the plaintiff had no intention of abandoning the *cause* of action for divorce is equally clear. All he did was to add an additional breach of the marriage contract. The cause of action remained the same. No new cause of action was added. *Arnold* v. *Arnold,* 110 Ohio St., 416, 144 N. E., 261.

In 31 Cyclopedia of Law and Procedure, 464, it is stated:

''It is a well-recognized principle that an amended pleading based on the same cause of action * * * as the original relates back to the date when such original pleading was filed.''

And at page 465, *ibid.*, it is said:

''An amended pleading, filed as a substitute for the original pleading, supersedes it and the original pleading ceases to be part of the record, *except for the purpose of deciding when the action was in fact commenced, and whether a new cause of action has been introduced.*'' (Emphasis added.)

The same principle is stated in bold type in 71 Corpus Juris Secundum, at page 713:

''Amendments introducing no new cause of action * * * relate back to the date of the original pleading or commencement of the action.''

We think it requires no citation of authorities to fortify the statement that the original service conferred jurisdiction upon the court over the defendant to grant relief to the full extent of the prayer based on the cause of action alleged and proven. It also forewarned the defendant that the court might make interlocutory orders without further notice. We are advised of no rule of court requiring notice of the filing of an amended petition before answer day. Certainly, causing

summons and a copy of the amended petition to be served by mail upon the defendant satisfies all reasonable requirements. If the filing of the amended petition related back to the filing of the petition, which we think it did, then clearly no further service or notice was required.

When we consider that service in all respects regular was made upon filing the petition and that actual notice was brought to the defendant by an irregular service on the filing of the amended petition, and that the divorce was granted on the ground of extreme cruelty alleged in both the original and amended petition in exact terms, we cannot doubt that the court acted within its jurisdiction.

The bill of exceptions in this case recites that at the hearing the plaintiff offered evidence in support of the ground of extreme cruelty and that the court granted the divorce on the ground stated in the decree, which was the ground of extreme cruelty. We are not advised of the evidence other than its probative tendency. We must assume its adequacy.

We cannot say that the court erred in overruling the defendant's motion to set aside the judgment and for a new trial.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.