Bell, J.
It is conceded that service of summons on the defendant was ineffective to give the court jurisdiction over his person, because service was made on the minor defendant alone rather than upon him and his guardian, father, mother or person having the care of him or with whom he lived, as required by Section 11291, General Code (Section 2703.13, Revised Code).
Had defendant not been a minor, his voluntary entry of appearance in seeking extensions of time within which to plead (Brundage v. Biggs, 25 Ohio St., 652) and his filing of an answer (Harrington v. Heath, 15 Ohio, 483; Schaeffer v. Waldo, Barry & Co., 7 Ohio St., 309; Rosenthal v. Sutton, 31 Ohio St., 406; Gorey v. Black, 100 Ohio St., 73, 125 N. E., 126; Tucker v. Tucker, 143 Ohio St., 658, 56 N. E. [2d], 202) would have corrected any defect in process. Section 11287, General Code (Section 2703.09, Revised Code).
Defendant’s first affirmative action in this matter after attaining his majority was to move for a continuance for the purpose of taking depositions. Such motion, being a step other than an objection to the court’s jurisdiction over his person, constituted a general entry of appearance. Long v. Newhouse, 57 Ohio St., 348, 49 N. E., 79. This occurred, however, three days after the action was barred by the statute of limitations. Section 11224-1, General Code (Section 2305.10, Revised Code).
Thus is presented the question whether a voluntary entry of appearance by a defendant after attaining his majority can cure a defect in service of process made on him while a minor, where such entry of appearance occurs after the action is barred by the statute of limitations.
Defendant’s entry of appearance brought him into court, thus waiving the defect of service. At that point, however, he still could have raised the defense of the statute of limitations. Section 11309, General Code (Section 2309.08, Revised *523 Code), lists the bar of the statute of limitations as one of the causes for demurrer to a petition. But neither a demurrer nor a motion to dismiss treated as a demurrer could have raised the question, because the bar of the statute of limitations does not appear on the face of the petition, and the record is complete and regular on its face as to service within the two-year period. The affidavit filed with the motion to dismiss shows that the service ostensibly made within the two-year period was ineffective. However, in testing the sufficiency of a petition on demurrer, the court must look to the petition, not to affidavits or other evidence filed in support of the demurrer.
Section 11311, General Code (Section 2309.10, Revised Code), provides that when no ground for demurrer appears on the face of a petition, the objection may be made by answer and if objection is not so made the defendant shall be deemed to have waived it.
Defendant, after attaining his majority, could have amended his answer, setting up the bar of the statute of limitations. This he did not do. Instead he went to trial on his unamended general denial, admitted liability, and suffered a verdict to be rendered against him. Having failed to avail himself of the opportunity to establish a defense by way of answer, he can not now be heard to complain of the result.
The judgment of the Court of Appeals is, • therefore, reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.