Jacobs, Appellee, *v.* Jacobs, Appellant.

(No. 376—Decided December 20, 1963.)

*Messrs. Spellerberg & Graham*, for appellee.
*Mr. Francis M. Marley*, for appellant.

Guernsey, J. This is an appeal by the defendant on questions of law from a judgment of the Common Pleas Court of Seneca County striking from the files the answer and cross-petition of the defendant and granting the plaintiff alimony pursuant to her petition.

No bill of exceptions has been filed by the defendant. It ap-

pears from the transcript of docket and journal entries and from the original papers that the plaintiff filed her petition for alimony on January 10, 1963; that summons was personally served upon the defendant on January 11, 1963; that on or before April 20, 1963, hearing was had upon the petition and on that date the trial court orally announced its decision to grant an alimony decree to plaintiff; that thereafter, on April 29, 1963, the defendant, without leave of court, filed his answer to plaintiff's petition and his cross-petition seeking a divorce from plaintiff and other associated relief; that summons on the cross-petition was served personally on plaintiff on May 1, 1963; that on May 20, 1963, plaintiff filed her motion to strike the answer and cross-petition from the files and for "an order approving the judgment entry of alimony nunc pro tunc to the date of the court's oral decision granting the plaintiff a decree of alimony on the 20th day of April, 1963"; and that on June 8, 1963, the trial court sustained this motion and ordered the answer and cross-petition stricken from the files and the journal entry of alimony to be filed "*nunc pro tunc* to the date of the court's oral decision granting the plaintiff a decree of alimony said date being the 20th day of April, 1963."

It cannot be determined from our record whether the defendant appeared at the hearing on the plaintiff's petition, either in person or by counsel, and the defendant claims that he did not. Defendant's counsel stated that at the time he filed the answer and cross-petition the docket did not show that a hearing had been had and that he did not deem further inquiry necessary.

Defendant's principal contention is that the trial court committed error in striking the answer and cross-petition from the files and, without a hearing on the answer and cross-petition, granting plaintiff alimony by a *nunc pro tunc* order. In support of this claim he argues that there is no rule day in divorce and alimony proceedings; that, notwithstanding a hearing has been held on an alimony petition and an oral decision rendered, a court speaks only through its journal; and that until a decree is actually entered on the journal a defendant may, without leave of court and as a matter of right, file an answer and a cross-petition for divorce which must be heard and considered before any decree is entered.

The statutes of Ohio do not fix a specific rule day within which an answer or an answer and cross-petition must be filed in a divorce or alimony action. The only decision of the Supreme Court which we have been able to find bearing on this matter is that of *Calvert* v. *Calvert*, 130 Ohio St., 369, wherein the court held that the granting of a divorce pursuant to an answer and cross-petition filed on the date of trial without affording the plaintiff an opportunity to be fully heard or to make a defense thereto constituted reversible error. Although our case is somewhat different on its facts, the reasoning and policy expressed in the opinion by Judge Williams, at page 375 *et seq.*, which opinion was unanimously concurred in, is herein applicable:

"In the instant case a divorce was granted to the defendant seemingly without plaintiff's personal knowledge that the charges of extreme cruelty and adultery had been made against her. Obviously, if a plaintiff fails to appear on the day set for trial and the cause may be heard forthwith on the filing of a cross-petition without process, then a divorce may be granted on the cross-petition without any opportunity for plaintiff to be heard, and without plaintiff's knowledge. Such a procedure would be contrary to the spirit of the divorce statutes. Moreover, the cross-petition was filed *by leave of court* more than six months after the commencement of the action, and no time was allowed for plaintiff to file an answer. It is true the statutes make no reference to an answer to a cross-petition, but only to an answer to a petition. *It is also true that no rule days are fixed in cases of this kind, other than necessarily implied in the provision for hearing after six weeks transpire.* Surely these provisions for answer and lapse of time are as essential to the protection of the rights of parties with reference to issues made on the cross-petition as to those made on the petition. Of course there is not exactly the necessity for rule days that exists in other cases, as there can be no default judgment entered in a divorce case, and the material allegations of the petition or cross-petition must be proved to the satisfaction of the court, whether an answer is on file or not; but *the plaintiff is entitled to the allotted time of six weeks to answer the cross-petition, whether it is or is not taken advantage of by filing an answer thereto.* * * *

"Gathered from all the statutes, the legislative intent was plainly to give expression to well-recognized legal policy. The state is concerned in the administration of justice in divorce cases and in every such case there is involved a question of public policy. Marriage is the foundation of society, and out of the nuptials there arises a social status. Marriage is therefore more than a mere contract, and to many, due to their religious belief and the nature of the marriage ceremony, it is a sacrament. The policy of the law is to fully protect the institution of marriage, by decree of court, against dissolution through fraud, collusion, or connivance *or without full opportunity for investigation and hearing.* In keeping with this purpose the legislature has enacted the provisions peculiar to the issuance and service of process and the time of hearing in cases of this kind, and if this court does not apply them as against a defendant seeking a divorce the legislative will is frustrated. In our judgment these protective measures were intended to apply whether a spouse sues for divorce as plaintiff or defendant. This court holds therefore that the statutes as to service of process and time of hearing in such actions pertain to a cross-petition as well as a petition.
" * * *.

"It does not necessarily follow that divorces granted on a cross-petition without process are *ipso facto* void and of no effect, for many a decree of this kind is granted upon full hearing and adequate opportunity for defense." (Emphasis added.)

In the case of *Neininger* v. *State*, 50 Ohio St., 394, an action on a recognizance bond, the Supreme Court, in paragraph 3 of the syllabus, held:

"There being no rule day prescribed by statute for answer to an amended petition, the time which may be allowed for filing the answer is within the discretion of the court; and when no other time is fixed by the court, setting the case for trial on a specified day, is, in effect, an order that the issues be made up by that time."

It might be reasonably concluded from the *Calvert* and *Neininger* cases that in a divorce or alimony action a defendant may, as a matter of right and without leave of court, file his answer and cross-petition at any time prior to "the expiration of six weeks from the service of summons or the first publica-

tion of notice" (Section 3105.09, Revised Code), and that thereafter they could be filed only with leave of, and subject to the discretion of, the court. However, on the facts of this case, we need not and do not make such a determination.

Here, the defendant was personally served with summons on the petition and had the full opportunity afforded him by the Legislature to file an answer and cross-petition within six weeks from the service and had the opportunity to appear and be heard at the hearing on the petition. To this extent he has not been deprived of any rights guaranteed him by law and he has been afforded due process. As he filed his answer and cross-petition without leave of court no issue exists as to what his rights would be had he sought leave of court or as to the court's discretionary rights, if any, in granting or in refusing leave. The sole issue is whether the defendant was entitled, as a matter of right, to file his answer and cross-petition after hearing.

We hold, on the facts of this case, that the defendant could not, as a matter of right and without leave of court, file an answer and cross-petition after the hearing of the plaintiff's petition on its merits. See, also, *Rubaszny* v. *Rubaszny*, 46 Ohio Law Abs., 55, 70 N. E. (2d), 905, and *Bernat* v. *Hendrickson, Trustee,* 327 Ill. App., 332, 64 N. E. (2d), 235. This being the case, the trial court did not commit error in ordering the answer and cross-petition stricken from the files.

There being no answer and cross-petition on file, either at the time of the oral decision on the decree or thereafter at the time the decree was actually journalized, the court could not have committed error by not hearing and considering same. Under these circumstances, we are not concerned as to whether the court actually entered a *nunc pro tunc* decree or had authority to do so. The fact is that nothing transpired between the hearing and the entry of the decree serving to invalidate the alimony decree.

We have considered all of the defendant's other claims of error and find them without merit. Finding no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., concurs.

YOUNGER, J., dissenting. I would concur with the majority opinion in affirming the action of the trial court as to the judgment for alimony alone if that were the only question involved here. There is no bill of exceptions before us and we must presume, in the absence of any evidence to the contrary, that the action of the court was founded upon sufficient evidence and was correct.

I would concur with the majority opinion in regard to the action of the trial court in striking the answer and cross-petition from the files in any other type of case except one for divorce or alimony alone. In divorce cases and alimony cases the partners to the marriage contract separate. Marriage, in addition to being a contract, creates a status and public policy is concerned in the preservation of such status as long as possible and is concerned in not dissolving such status except as a last resort. Therefore, divorce and alimony cases are accorded different treatment from ordinary civil actions (17 Ohio Jurisprudence [2d], 660, Section 3). The case cannot be heard before six weeks has expired after service, and many courts, by rule, extend this period to ten weeks or longer. No rule day by which the defendant must answer is provided by statute. There can be no decree by default. In order to hold that a rule day is fixed when the court, ex parte, fixes a date for hearing the testimony it is necessary to imply or assume that a rule day is necessary because civil actions have rule days. The Legislature has fixed a rule day in all other cases and its failure to fix a rule day in divorce cases is significant. I gather from the cases, statutes and the texts that it is never too late to file a cross-petition in these cases until the decree is entered, and by that I mean journalized. Of course, due process would require granting time for the plaintiff to prepare her defense before hearing a cross-petition. However, the law requires a lapse of time before hearing these cases and a little more time would not unduly harm the parties.

It cannot logically be inferred or assumed that because the defendant here did not file his answer and cross-petition earlier he was in default or in neglect of his duties. For all that appears from the record he could have been diligently attempting to effect a reconciliation which the law encourages.

I must also observe that I can see no excuse or reason for

the attempt to journalize the decree in this case by a journal entry *nunc pro tunc*. Many entries are delayed for various reasons. The entry here was delayed only from April 20th to June 8th and whether the delay was deliberate or unavoidable is immaterial. A journal entry *nunc pro tunc* is necessary and serves a useful purpose in a proper case, but this case certainly is not such a proper case.

I would, therefore, hold the striking of the answer and cross-petition from the files to be reversible error and remand the cause.