[Cite as *Venable v. Greater Friendship Baptist Church*, 2010-Ohio-3159.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CLIFFORD D. VENABLE | ) | CASE NO. 09 MA 79 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GREATER FRIENDSHIP BAPTIST | ) | |
| CHURCH | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                                          Pleas of Mahoning County, Ohio
                                                          Case No. 08 CV 3999

JUDGMENT:                                         Affirmed.

APPEARANCES:

For Plaintiff-Appellant:                       Atty. Paul M. Kaufman
                                                          801 Terminal Tower
                                                          50 Public Square
                                                          Cleveland, Ohio  44113-2203

For Defendant-Appellee:                    Atty. Thomas P. O'Donnell
                                                          3700 Northfield Road, Suite 11
                                                          Cleveland, Ohio  44122

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  June 30, 2010

WAITE, J.

{¶1} This appeal involves the open and obvious doctrine in the context of summary judgment proceedings. Appellant Clifford D. Venable, a roofing contractor with 30 years of experience, was contacted by Appellee Greater Friendship Baptist Church ("Church") to give the Church an estimate on repairing a leak in the roof. Appellant, with the assistance of a Church member, used a homemade wooden ladder to access the attic so that he could inspect the roof. Appellant was injured when the ladder slid out from under him on a tile floor. Appellant sued the Church for negligence, and the court granted summary judgment to the Church. The record indicates that Appellant was trained in using ladders, decided not to bring his own ladder or bring another employee to assist him, and decided to use the Church ladder even though he had misgivings about it. Any dangers associated with the ladder and its use, in this context, were open and obvious. Further, Appellant was an independent contractor performing an inherently dangerous task, thus absolving the Church of liability. The Mahoning County Court of Common Pleas was correct in granting summary judgment to the Church, and the judgment is hereby affirmed.

<u>History of the Case</u>

{¶2} Appellant alleged that Demetrius Cunningham, a Church volunteer, contacted him to obtain an estimate for repairing a leak in the Church roof. Appellant had worked as a roofer for over 30 years, and has had his own roofing company for six years. Appellant arrived at the Church on January 15, 2005, in a company truck, but had no other company employees with him. Cunningham brought Appellant inside the Church to the third floor to inspect the leak. Cunningham showed

Appellant a trap door in the ceiling of the third floor that led to the attic area of the Church. The use of a ladder is necessary to access the trap door and the attic. Appellant did not bring a ladder with him to access the attic because Cunningham told him the Church had ladders.

{¶3} Cunningham and Appellant secured a one-piece wooden ladder, made by Church volunteers, that was stored in a nearby hallway. This did not have any rubber feet or other devices to secure it in place on the hallway floor. The hallway floor was a smooth tile surface. The ladder was approximately 12 feet long. Cunningham ascended the ladder while Appellant steadied it. Cunningham opened the trap door, turned on a light, and entered the attic area. Appellant then ascended the ladder. There is a dispute as to whether Cunningham was steadying the top of the ladder while Appellant climbed it. As Appellant approached the top of the ladder, the base of the ladder slipped, and Appellant fell. After taking a few minutes to recover, Appellant retrieved a second ladder from the Church and helped Cunningham descend from the attic. Appellant left the Church and was treated at a local hospital for his injuries.

{¶4} On September 15, 2006, Appellant filed a negligence complaint against the Church. Appellant alleged that he was injured due to the Church's negligence while he was a business invitee at the Church in January of 2005. The case was voluntarily dismissed and refiled on October 14, 2008. The parties stipulated that all discovery conducted in the prior case would be admissible in the refiled case. No additional discovery was conducted. The Church filed a motion for summary judgment on February 20, 2009. The Church included depositions of Appellant and

Mr. Cunningham, an affidavit of Mr. Cunningham, and photographs of the Church and the ladder. The motion for summary judgment also included an affidavit of Richard Peter Kraly, an architect and safety engineer, describing a variety of Occupational Safety and Health Regulations that Appellant violated in using the Church's wooden ladder. Appellant filed a response to the motion on March 16, 2009. Appellant included his own affidavit as evidence in response.

{¶5} On March 27, 2009, the court granted summary judgment to the Church. This timely appeal followed on April 23, 2009. Both parties have filed a brief on appeal.

## ASSIGNMENT OF ERROR

{¶6} "The Trial Court Erred in Granting Summary Judgment to Defendant-Appellee."

{¶7} Appellant contends that there are material facts in dispute in this case that should have prevented summary judgment from being granted. Appellant asserts that the danger presented by the wooden ladder was not open and obvious, and that summary judgment should not have been granted on those grounds. Appellant indicates that Mr. Cunningham selected the ladder to be used, and that Cunningham climbed the ladder without incident. He argues that any dangers associated with the ladder were not obvious, and that the case should proceed as a basic negligence action.

{¶8} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equipment* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio

Supreme Court restated the appropriate test for reviewing summary judgment in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201:

**{¶9}** "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."

**{¶10}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.

**{¶11}** Negligence claims require a showing of a duty owed; a breach of that duty; and an injury proximately caused by the breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶22. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman* (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332. Determination of whether a duty exists is a question of law for the court to decide. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶12} Whether or not an owner of a premises is liable to a party who sustains injury on his property depends on the status of the party entering the premises, and whether the owner breached a duty of care arising from that status. *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 502 N.E.2d 611; *Newton v. Pennsylvania Iron & Coal, Inc.* (1993), 85 Ohio App.3d 353, 619 N.E.2d 1081. One who is invited onto the premises of another, for the benefit of the owner, has the status of an invitee. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287. A roofer called upon to inspect or repair a person's roof is an invitee on the premises. *Uhl v. Thomas*, 12th Dist. No. CA2008-06-131, 2009-Ohio-196, ¶14.

{¶13} While not an insurer of the invitee's safety, the owner of the premises owes a duty to an invitee to exercise ordinary and reasonable care for the invitee's safety and protection. *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 390 N.E.2d 810. "This duty [also] includes a responsibility to warn invitees of latent or concealed defects of which the owner has, or should have, knowledge." *Zuzan v. Shutrump*, 155 Ohio App.3d 589, 2003-Ohio-7285, 802 N.E.2d 683, ¶6; *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 323, 102 N.E.2d 453.

{¶14} Liability only attaches when an owner has "superior knowledge of the particular danger which caused the injury" as an "invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210, 503 N.E.2d 159.

{¶15} The Church and Appellant both argue that this case hinges on the open-and-obvious doctrine. The owner of a premises has no duty to protect invitees

from conditions that are either known to the invitee or are so obvious and apparent that the invitee may reasonably be expected to discover and protect himself against them. *Ahmad v. AK Steel Corp.*, 119 Ohio St.3d 1210, 2008-Ohio-4082, 893 N.E.2d 1287, ¶23. This expectation is derived from the idea that a danger which is open and obvious, is in itself, a warning. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶5. The open-and-obvious doctrine is based upon the invitee's knowledge of the danger. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589. "If an invitee knows of a dangerous condition, he will be held to have assumed the risk of injury from that condition." *Davenport v. M/I Schottenstein Homes, Inc.* (1993), 96 Ohio App.3d 237, 240, 644 N.E.2d 1074, citing *Cyr v. Bergstrom Paper Co.* (1982), 3 Ohio App.3d 299, 444 N.E.2d 1349.

**{¶16}** When applicable, the open-and-obvious doctrine negates an owner's duty of care and acts as a complete bar to any negligence claim. *Armstrong* at ¶5. "Whether a hazard is an open and obvious condition is a matter of law to be determined by the court and, therefore, a proper basis for summary judgment." *Nageotte v. Cafaro Co.*, 160 Ohio App.3d 702, 2005-Ohio-2098, 828 N.E.2d 683, ¶28.

**{¶17}** In this case, Appellant admitted in his deposition that he was aware of the danger of using this particular wooden ladder, and that he used it anyway:

**{¶18}** "Q  All right. How about, as you were looking at the ladder deciding and you were going to ascend, go up the ladder, did you have any concerns about the feet of the ladder being secure or slipping?

{¶19} "A   Yeah, I did, because it was a natural instinct because I held it for him; but I asked him when he was putting the ladder up, is this a good ladder?  He said yeah.  So him being an insurance agent, I took his word for it." (Venable Depo., pp. 34-35.)

{¶20} The ladder and its dangers were not hidden from Appellant.  He saw it, he held it, he considered its dangers and ignored them.  Based on the photographs in the record, the ladder is obviously not a professionally crafted ladder.  It was admittedly made by Church members.  Appellant, a professional roofer with training in the construction and use of ladders, ignored the warning signs and suffered the consequences.  The dangers were open and obvious, and any duty owed by the Church to Appellant was negated by the open and obvious nature of the risk.  For this reason, the trial court was correct in granting summary judgment to the Church.

{¶21} Appellant relies on *Sabitov v. Graines*, 177 Ohio App.3d 451, 2008-Ohio-3795, 894 N.E.2d 1310, to prove that the danger inherent in the use of the ladder was not open and obvious.  The facts of the *Sabitov* case are significantly different than those of the instant appeal.  In *Sabitov*, the victim was the lessee of a delicatessen in a shopping center near Cleveland.  The defendant was the landlord and owner of the shopping center.  The victim died from injuries she suffered after falling through a trapdoor in the floor of the deli.  The trapdoor violated Cleveland city ordinances.  A fixed-ladder extended down from the trapdoor.  The trial court ruled in summary judgment that the trapdoor was an open and obvious danger, but this was reversed on appeal.  The Eighth District Court of Appeals held that there were sufficient material facts in dispute to avoid summary judgment.  The Eighth District

held that there were factual disputes about whether the landlord warned the victim about the trapdoor and whether the trapdoor itself was an unexpected hazard. There was expert witness evidence indicating the door was a hidden hazard. There was further expert witness evidence indicating that the ladder itself was a hidden hazard because it failed to comply with safety requirements for fixed ladders. Id. at ¶21. There was no dispute that the trapdoor violated various ordinances and administrative rules. For these many reasons, the Eighth District reversed the granting of summary judgment to the defendant.

{¶22} The instant case, in contrast with *Sabitov,* is not a dispute about a hidden trapdoor in a floor. It is about a ladder that Appellant, a professional roofer, was able to see and touch and examine before he used it to attempt to climb up to the roof of a building. There is no expert evidence that the ladder violated any codes or ordinances. There is no expert testimony about the dangers, hidden or otherwise, of the ladder. Furthermore, there is testimony from Appellant himself that he had concerns about the ladder but ignored those concerns. The *Sabitov* case does not provide any basis for overturning the trial court ruling in this appeal.

{¶23} There is another related reason for affirming the trial court judgment. As stated in *Wellman v. East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629: "Where an independent contractor undertakes to do work for another in the very doing of which there are elements of * * * danger * * *, no liability * * * ordinarily attaches to the one who engaged the services of the independent contractor." Id. at paragraph one of the syllabus. Such an invitee may recover when the injury results "* * * by reason of the abnormally dangerous condition of the

premises, only if the [owner] has, and the [independent contractor] has not, actual or constructive notice of the existence of such condition." *Davis v. Charles Shutrump & Sons Co.* (1942), 140 Ohio St. 89, 23 Ohio Op. 299, 42 N.E.2d 663, paragraph one of the syllabus.

**{¶24}** In order for the *Wellman* "no duty" rule to apply, the independent contractor must be performing "an inherently dangerous" task. *Solanki v. Doug Freshwater Contracting Inc.*, 7th Dist. No. 06-JE-39, 2007-Ohio-6703. " '[T]he performance of a task is inherently dangerous when the independent contractor recognizes or should recognize that a degree of danger surrounds the performance of the task for which he was engaged. In answering the foregoing question, courts should not limit the inquiry to the specific task being performed. Rather, courts should also consider the environment in which the task is performed. The owner or occupier of the premises will not be liable for an injury resulting from a danger inherent in a task when the injury was reasonably foreseeable to the independent contractor, i.e., the independent contractor knows or appreciates that degree of danger that "surrounds" the task's performance.' " Id. at ¶49, quoting *Frost v. Dayton Power & Light Co.* (2000), 138 Ohio App.3d 182,198-199, 740 N.E.2d 734.

**{¶25}** "[W]orking on a roof and traveling from the ground to the job site is inherently dangerous." *Alapi v. Colony Roofing, Inc.*, 8th Dist. No. 83755, 2004-Ohio-3288, ¶33.

**{¶26}** "It is common knowledge that climbing ladders is an inherently dangerous activity * * *. Failure to take due care when climbing a ladder will often result in losing one's balance, falling from the ladder, or causing the ladder itself to

fall. * * * [L]adder climbing in this case is a type of inherently dangerous activity that is subject to primary assumption of risk." *Ballinger v. Leaniz Roofing, Ltd.*, 10th Dist. No. 07AP-696, 2008-Ohio-1421, ¶13.

**{¶27}** No liability will attach to the owner or occupier of the premises when the independent contractor or its employee is aware that real or potential dangers surround the performance of the task for which he was hired. *Frost*, supra, at 191; *Abbot v. Jarret Reclamation Serv., Inc.* (1999), 132 Ohio App.3d 729. Constructive notice of a danger is sufficient to relieve the owner of liability. *Eicher v. United States Steel Corp.* (1987), 32 Ohio St.3d 248, 249, 512 N.E.2d 1165.

**{¶28}** Appellant's deposition testimony indicates that he had been a professional roofer for over 30 years, and had his own roofing company for six years. (Venable Depo., pp. 15, 16.) He had received safety training in putting up ladders. (Venable Depo., p. 17.) He did not bring an appropriate ladder with him to the Church because Mr. Cunningham, a deacon at the Church, told Appellant that the Church had ladders he could use. Appellant did not bring any other workers to assist him. (Venable Depo., p. 26.) While Mr. Cunningham selected the ladder, Appellant knew that the floor surface was a smooth tile floor. (Venable Depo., p. 31.) Appellant held the ladder for Mr. Cunningham to climb up first. (Venable Depo., p. 34.) Prior to ascending the ladder, Appellant had concerns about the ladder slipping on the tile floor. (Venable Depo., p. 34.) Mr. Cunningham merely told Appellant that it was a "good ladder", and Appellant proceeded to climb the ladder. When Appellant reached the top of the ladder and stuck his head through the trap door of the ceiling, the ladder slipped and Appellant fell to the ground. (Venable Depo., p. 36.)

{¶29} Based on the evidence in the record, viewed in a light most favorable to Appellant, no liability attaches to the Church for Appellant's injuries. Appellant was subjectively and constructively aware of the open and obvious dangerous condition the ladder he used presented. He was a roofing contractor involved in an inherently dangerous activity. Under the *Wellman* holding, Appellant assumed the risk of inspecting the Church's roof using the Church's ladder. He chose not to bring another employee with him, and chose not to bring an appropriate ladder for the job. He ignored his own misgivings about using the ladder provided. Regardless whether the Church knew that the ladder might be dangerous, Appellant's constructive and actual knowledge of the ladder and the job conditions determines the outcome of this case. The trial court correctly ruled in the Church's favor, and the trial court judgment is affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.