Weygandt, C. J.
Which court first obtained jurisdiction over the parties to this action?
Fortunately the controlling facts are not in dispute.
As already stated, the plaintiff wife instituted this action in Cuyahoga county on January 18, 1952, and obtained personal service of the summons five days later on January 23. It is agreed that this was a complete compliance with the law and vested jurisdiction in that court unless there had been a prior vesting of jurisdiction in the Ashtabula county court.
The defendant relies on a number of conceded facts. The first is that his Ashtabula county action was instituted more than two months earlier on October 30, 1951. In the following month of November several summonses were issued but none was served. Then a *245 few days later on December 11, 1951, the wife herself went into the Ashtabula county court and obtained a leave to plead within three weeks. Thereafter on January 2, 1952, the husband filed an affidavit for service of summons on the wife by publication, and the statutory publication for sis consecutive weeks was commenced as now provided by Section 8003-7, General Code, Section 3105.06, Revised Code. Part of this publication occurred before the service of summons on January 23, and before the Cuyahoga- county action was instituted on January 18. The publication was not completed and proof thereof filed until later on February 8.
Had jurisdiction vested in the Ashtabula county court before January 23?
It is agreed that the leave to plead obtained by the wife did not constitute an entry of appearance which avoids the necessity for the statutory service of summons. However, the husband insists that the obtaining of the leave to plead is of some significance when coupled with the subsequent service by publication which was started before January 23. He contends that when the publication began, his action was commenced and jurisdiction thereby was vested although the publication was not completed until several weeks later. He insists that an action is commenced at the date of the summons or at the date of the first publication when the latter procedure is used.
While the date of the commencement of an action obviously is important for certain purposes, this court is of the view that under the strict compliance required in procedure in divorce actions in this state, this date is not controlling in determining when jurisdiction is obtained over the defendant.
In the instant case on the date of January 23, the wife’s petition had been filed and-the summons had been issued and served. Had the summons merely *246 been issued but service thereof not obtained, that court clearly could not have asserted jurisdiction over the defendant. Was the Ashtabula county court in a better position when the publication merely had been started but not completed? But it is urged that the publication was in fact completed subsequently and that hence jurisdiction should be considered as having vested at the date of the first publication. This view would require a holding that incomplete service of summons by publication vests jurisdiction over the defendant although incomplete personal service does not. Counsel cite no statutory or case law to sustain this distinction in a divorce action.
The defendant husband places some reliance on the decision of this court in the case of Tucker v. Tucker, 143 Ohio St., 658, 56 N. E. (2d), 202 The facts in that case are quite in contrast with the circumstances in the instant controversy. In that case there was personal service of summons. It is true that it*was subject to a motion to quash by reason of an irregularity. However, no such motion was filed. Instead, the defendant entered an appearance and filed an answer. Then later the defendant withdrew his answer and requested that the case proceed as an uncontested matter.
Hence, the Court of Appeals was not in error in holding that the completed personal service of summons on January 23, 1952, vested jurisdiction in the Cuyahoga county court and that the incompleted service by publication had not vested jurisdiction in the Ashtabula county court.

Judgment affirmed.

Middleton, Taet, Zimmerman and Stewart, JJ., concur.
Hart, J., dissents.
Lamneck, J., not participating.