GASIOR, APPELLANT, *v.* GASIOR, APPELLEE.

(Decided December 16, 1940.)

*Mr. Stanley A. Grzezinski,* for appellant.
*Messrs. Christensen & Christensen* and *Mr. William H. McLellan, Jr.,* for appellee.

LLOYD, J. On October 6, 1939, Pauline Gasior, as plaintiff, filed a petition in the Court of Common Pleas alleging therein facts claimed, to constitute gross neglect of duty and extreme cruelty on the part of her husband, Frank Gasior. By the prayer of the petition, she asks for alimony only and the custody of their two minor children.

By answer thereto, the defendant husband denies the facts stated in the petition as to the alleged gross neglect of duty and extreme creulty, and in a cross-petition alleges facts claimed by him to constitute gross neglect of duty and extreme cruelty on the part of his wife and describes therein certain parcels of real estate. His prayer is for a divorce and ''an equitable division of the properties and business of the parties hereto'' and ''for all other and further relief in law and equity defendant is entitled to.''

To this cross-petition the plaintiff replies, denying the alleged facts as to the gross neglect of duty and extreme cruelty on her part, and avers that the accumulation of the properties described in the cross-petition of the defendant was the result of her industrious application to the various business places they operated. She concludes her reply with a prayer for dismissal of the answer and cross-petition ''and that she be granted a divorce and permanent alimony from the defendant'' and be given the sole care and custody of the minor children.

By the judgment of the trial court, a divorce was granted to the plaintiff and the defendant was ordered to pay to her $10 per week for the support of the minor children. She was awarded one of the parcels of real

estate described in the cross-petition of the defendant, upon which was a mortgage held by The First Federal Savings & Loan Association, and, in addition thereto, she was awarded all of the household goods and furniture, all of the fixtures, the stock and merchandise in the building located on the premises, and the grocery and cafe business conducted therein. He was given the other three parcels of real estate, and certain described personal property incidental to the operation by him of a retail liquor store, and also was given his personal effects and clothing.

A motion was filed by plaintiff for a new trial, one of the grounds of which was that the court was without jurisdiction to grant plaintiff a divorce. This motion was overruled, and the plaintiff gave written notice of appeal on questions of law to this court. The assignments of error especially urged are:

1. That the court erred in granting this appellant a divorce when appellant did not pray for same—appellant prayed for alimony only and therefore the court was without jurisdiction to grant her a divorce and bar her from property that only she held title to and which she acquired by her accumulations and purchases.

2. That the court erred in the division of the property, both real and personal, and there is no evidence or testimony as to the real or personal property.

The only request by plaintiff for a divorce is found in the prayer of her reply to the answer and cross-petition of the defendant. By Section 11997, General Code, it is provided that:

"The wife may file her petition for alimony alone, or, if a petition for divorce has been filed by the husband, she may file a cross-petition for alimony, with or without a prayer for a dissolution of the marriage contract."

Then follows the enumerated grounds for the granting of alimony alone.

No pleading, other than the petition, in conjunction with the cross-petition if there be one, need be filed in an action for divorce and alimony, or for alimony alone. Whether there is or is not an answer by the opposing party, the cause is adversary and must be submitted and determined on its merits. If the proffered evidence sustains one of the statutory grounds for divorce, the divorce should be granted; if not, it should be denied, and this is equally true of a petition or cross-petition for alimony alone. There can be no judgment by default in such a case, even if there were no more potent reason than that it would be against public policy. And only when a divorce is granted to one of the parties, can there be an equitable division of their property.

The reply is no part of the petition, and in the instant case by no reference therein is it sought to make it a part thereof, as an amendment thereto, unless the prayer thereof makes it so. There are no allegations therein of any grounds for divorce or alimony, and if it may be considered as an amendment to the petition, then thereby a new cause of action would be created upon which a summons must issue with a copy of the petition as amended served therewith upon the defendant; and the court, over objection, would be without jurisdiction to hear the cause until the time provided by Section 11985, General Code, had expired. Viewing the effect of the pleadings in this light, the judgment of the court was erroneous and contrary to law. *Calvert* v. *Calvert*, 130 Ohio St., 369, 376, 199 N. E., 473.

It is claimed by the defendant that no proper bill of exceptions was filed by plaintiff because, although the bill of exceptions bears the file mark of the clerk of courts as having been filed in his office on August 6, 1940, there is no entry thereof on the appearance docket of the Court of Common Pleas and also, as appears in

the bill, it was presented to the trial judge on August 16, 1940, on which day it was signed by him, there having then elapsed only nine of the ten days allowed by statute to counsel for defendant to examine it and make such objections or propose such amendments thereto as might be deemed proper.

In the authenticated transcript of the appearance docket entries in the Court of Common Pleas, included in the record of the proceedings therein filed in this court, there appears the following notation: "1940—August 6th—bill of exceptions filed," and this notation corresponds with that on the bill of exceptions. It is apparent, therefore, that counsel inadvertently overlooked this fact. The record of the proceedings in the trial court contains nothing to show that defendant was not aware of the filing of the bill of exceptions or of its approval by the trial judge or that he had any objection to any part of it or any proposed amendments thereto. All that the plaintiff was required to do was to prepare and file with the clerk of courts, within the allotted time, her bill of exceptions and the duty with respect thereto thereafter devolved upon the clerk of courts and the judge. In any event, it will be presumed, in the absence of some showing to the contrary, that the trial judge acted correctly and that if it was prematurely signed, the defendant had consented thereto.

As to the second ground of error above noted, no evidence was offered at the trial by the defendant and nowhere in the bill of exceptions is there any evidence as to the property of the parties, how acquired or what the value of any of it may be—nothing upon which any judgment of division could be made.

The judgment of the Court of Common Pleas is reversed and the cause remanded thereto for a new trial. *Judgment reversed and cause remanded.*

Carpenter and Overmyer, JJ., concur.