ROBINETTE, APPELLEE, *v.*
ROBINETTE, APPELLANT.

(No. CA-3320—Decided
March 2, 1988.)

*Christopher J. Minnillo,* for appellee.
*Paul D. Harmon,* for appellant.

MILLIGAN, J. On September 14, 1987, plaintiff-appellee filed a complaint for alimony alone together with a waiver of service of summons (Civ. R. 4[D]).

On the same day, the trial court granted a decree of alimony only, by the terms of which real property was ordered conveyed, periodic support was set, provisions for distribution of proceeds of sale were made, and other orders respecting property and property rights were made. The judgment was approved by both appellee and appellant.

Appellant timely appealed, asserting a single error:

"The trial court erred in granting a judgment on the appellee's alimony only complaint the same day it was filed by mail without complying with the procedural requirement of Rule 75 of the Ohio Rules of Civil Procedure, including the waiting period provided by subsection (J), the notice requirement provided by subsection (K), and the hearing and evidentiary requirements provided by subsection (L)."

Civ. R. 75(J) provides:

"Hearing. No action for divorce, annulment or alimony may be heard and decided until the expiration of forty-two days after the service of process or twenty-eight days after the last publication of notice upon the complaint; nor shall any such action be heard and decided earlier than twenty-eight days after the service of a counterclaim, which under this rule may be designated a cross-complaint, unless the plaintiff files a written waiver of such twenty-eight day period."

Historically, Ohio placed several roadblocks in the path of pursuit to dissolve the bonds of matrimony, and legally put asunder a marriage. For example, Ohio residency for a specific period is a subject matter jurisdictional

prerequisite. Domicile within the county where the action is brought is also required.

Once the case is filed, the legislature required a "cooling-off" or waiting period between filing and hearing. The purpose of the waiting period was an effort by the legislature to discourage precipitous terminations of the bonds of matrimony and encourage continuation of the family.

The statutory impediments to alimony alone (where the parties remain married) have been less stringent. Residency within the state has not been required. County venue is preserved.

With the adoption of the Civil Rules pursuant to Section 5(B), Article IV of the Ohio Constitution, the Ohio Supreme Court preempted the legislature on issues of procedure. Included in the Civil Rule governing divorce, annulment and alimony actions is a provision for a "cooling-off" period. Civ. R. 75(J).

The issue is whether the cooling-off period may be waived by the parties, or whether the public interest is sufficient in the preservation of marriage that the waiting period may not be waived.

Appellant cites no case authority for the proposition that the provisions of Civ. R. 75(J) may not be waived, and we find none. The legal history of the "cooling-off" period in Ohio divorce law sheds some light on the issue.

Civ. R. 75(J), originally Civ. R. 75(K) when the rules were adopted in 1970,[1] preserved a statutory cooling-off period in divorce actions. The Staff Note provided:

"Rule 75(K) continues the present hearing waiting period of six weeks (the rule says forty-two days) after ser-

---

[1] Civ. R. 75(K) became Civ. R. 75(J) with the amendment of the rule, effective July 1, 1977, that eliminated Civ. R. 75(E).

vice of process for an action for divorce, alimony or annulment heard upon the complaint. See, § 3105.09, R.C. However where service is by publication under Rule 4.4., the minimum time for hearing is changed to twenty-eight days after the last publication of notice upon the complaint. Since Rule 4.4 permits twenty-eight days for answer after the last notice of publication, the defendant would not be in default of answer until that time elapsed. There is no default in Rule 75 cases. See, Staff Note to Rule 75(G) [now 75(F)].

"The forty-two days hearing time requirement does not apply to counterclaims (cross-complaints). The time is reduced to four weeks after service of the counterclaim (cross-complaint). Further, that four-week period may be waived. See, *Calvert* v. *Calvert*, 130 Ohio St. 369 [4 O.O. 464] (1936), which held that the statutory six-week hearing time applied to counterclaims is changed by the rule. In summary, the basic 'cooling off' period is based on the service of the complaint. The service of a counterclaim starts a shorter cooling off period, but that period is waivable." See, also R.C. 3105.09 (repealed); former G.C. 11983; former G.C. 8003-10.

The statutory six-week period was intended "as a cooling-off period for the parties and the time for affecting [*sic*] reconciliation if possible." *Pashko* v. *Pashko* (C.P. 1951), 45 O.O. 498, 501, 101 N.E. 2d 804, 807. The underlying policy of affording a full and fair hearing and an opportunity for defense was stated by the Ohio Supreme Court:

"Gathered from all the statutes, the legislative intent was plainly to give expression to well-recognized legal policy. The state is concerned in the administration of justice in divorce cases and in every such case there is involved a question of public policy. Marriage is the foundation of society, and

out of the nuptials there arises a social status. Marriage is therefore more than a mere contract, and to many, due to their religious belief and the nature of the marriage ceremony, it is a sacrament. The policy of the law is to fully protect the institution of marriage, by decree of court, against dissolution through fraud, collusion, or connivance or without full opportunity for investigation and hearing. In keeping with this purpose the legislature has enacted the provisions peculiar to the issuance and service of process and the time of hearing in cases of this kind, and if this court does not apply them as against a defendant seeking a divorce the legislative will is frustrated.* * *" *Calvert* v. *Calvert* (1936), 130 Ohio St. 369, 376, 4 O.O. 464, 467, 199 N.E. 473, 476.

Recognizing the important policy undergirding the statutory cooling-off period, one court held that compliance with this provision cannot be waived. *Freytag* v. *Freytag* (C.P. 1944), 27 O.O. 497.

We reject the argument that the Civil Rule adoption and statutory repeal converted the waiting period from a nonwaivable (substantive) right to a waivable (procedural) right, and conclude that the Ohio Supreme Court intended to preserve the concept of a "waiting period" as previously recited in Ohio legislation, *i.e.*, the forty-two day (twenty-eight day) waiting period may not be waived. This conclusion is buttressed by the provisions of the rule acknowledging that waiver is applicable when counterclaims have been filed.

"42/28 rule. Divorce or alimony-alone actions may not be 'heard and decided' until the expiration of 42 days after service of process or 28 days after the last publication of notice. By implication this waiting period may not be waived." 14 Milligan, Ohio Practice: Family Law (1975) 282, Section 4578. "Civ. R. 75(K) Waiver permission applies only to counterclaims." *Id.* at fn. 23.

We conclude that the trial court errs as a matter of law when it grants an alimony decree prior to forty-two days after service of process, or waiver thereof, or twenty-eight days after completion of service by publication.

The assignment of error is sustained and the judgment of alimony is vacated.

Having sustained the assignment of error on the basis of Civ. R. 75(J), it is unnecessary to consider the implications of Civ. R. 75(K) and (L).

The cause is remanded to the Licking County Court of Common Pleas for further proceedings according to law.

*Judgment accordingly.*

PUTMAN, P.J., and TURPIN, J., concur.