OPINION
{¶ 1} Appellant Dale Edward Clark appeals the decision of the Court of Common Pleas, Fairfield County, granting a divorce between appellant and Tracey Lee Clark, appellee herein.
 {¶ 2} The underlying procedural facts in this case are not in dispute. The parties were married on January 5, 1991. On November 17, 2005, appellee-wife filed a complaint for divorce in the Fairfield County Court of Common Pleas. Appellant-husband was served by certified mail with the complaint and summons on November 22, 2005. Appellant did not file an answer to the complaint or participate in any way in the proceedings in the trial court. A final hearing was conducted on December 30, 2005, thirty-eight days after service of process was effectuated. Appellant was notified of this final hearing but did not appear. On the same day, a judgment entry of divorce was issued by the court.
 {¶ 3} On January 30, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING A FINAL DECREE OF DIVORCE WITHIN 42 DAYS FROM WHEN SERVICE OF PROCESS OCCURRED."
 I. {¶ 5} In his sole Assignment of Error, appellant contends the granting of the parties' divorce was reversible error in light of the "forty-two day" rule of Civ.R. 75(K). We agree.
 {¶ 6} Civ.R.75(K) states as follows: "No action for divorce, annulment, or legal separation may be heard and decided untilthe expiration of forty-two days after the service of process or twenty-eight days after the last publication of notice of the complaint, and no action for divorce, annulment, or legal separation shall be heard and decided earlier than twenty-eight days after the service of a counterclaim, which under this rule may be designated a cross-complaint, unless the plaintiff files a written waiver of the twenty-eight day period." (Emphasis added).
 {¶ 7} The aforementioned forty-two day rule traces its origins to Ohio's earlier statutory "cooling-off" or waiting period between filing and hearing in divorce cases. See, e.g., former Section 11985, General Code, former R.C. 3105.09. As this Court has recognized, the original legislative purpose of this waiting period was "to discourage precipitous terminations of the bonds of matrimony and encourage continuation of the family."Robinette v. Robinette (1988), 41 Ohio App.3d 25, 26,534 N.E.2d 386. In 1970, the forty-two day rule was written into Civ.R.75(K). In 1977, it became part of Civ.R. 75(J), although it has since returned to its earlier designation under Civ.R. 75(K).
 {¶ 8} The language of Civ.R. 75(K) is mandatory, and the burden of the rule and the duty to enforce it lies with the trial court. Kotnik v. Kotnik (April 14, 1977), Cuyahoga App. No. 35793, citing Gasior v. Gasior (1941), 67 Ohio App. 84,35 N.E.2d 1021. At least one appellate court has suggested that the waiting period found in Civ.R. 75(J)/(K), as part of a procedural civil rule, neither extends nor limits the jurisdiction of the common pleas court. See Wagner v. Wagner (July 1, 1981), Miami App. No. 81-CA-1, citing Civ.R. 82. However, in Robinette,
supra, we concluded that the Ohio Supreme Court, via the Civil Rules, intended to preserve the concept of a waiting period as had been recited in Ohio legislation, and that such waiting period may not be waived. Id. at 27; syllabus.
 {¶ 9} Appellee in the case sub judice urges in response that we avoid instituting a blanket procedural rule, charging that appellant is not truly interested in "salvaging his marriage which he already destroyed * * *." Appellee's Brief at 8. However, in light of our precedent in Robinette, we find merit in appellant's argument, and are thereby compelled to find reversible error in the granting of the parties' divorce.
 {¶ 10} Appellant's sole Assignment of Error is sustained.
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is reversed and remanded for further proceedings on appellee's divorce complaint.
Wise, P.J. Farmer, J., concurs.
Hoffman, J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.