[Cite as *McKenzie v. McKenzie*, 2013-Ohio-4859.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

KATY MCKENZIE,

    PLAINTIFF-APPELLEE,               CASE NO. 9-13-15

    v.

JOSEPH ANDREW MCKENZIE,          O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Marion County Common Pleas Court**
**Family Court**
**Trial Court No. 2012 DR 190**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: November 4, 2013**

**APPEARANCES:**

    *Nathan D. Witkin* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Joseph A. McKenzie ("Joseph") brings this appeal from the judgment of the Common Pleas Court of Marion County, Family Division granting an uncontested divorce to plaintiff-appellee Katy L. McKenzie ("Katy"). Joseph challenges the trial court's ruling on the basis that he was denied an opportunity to participate in the hearing. For the reasons set forth below, the judgment is reversed in part and affirmed in part.

{¶2} Initially this court notes that Katy chose not to file an appellate brief. "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶3} Joseph and Katy were married on July 26, 2008. Doc. 11. One child, Damien, was born during the marriage. Doc. 11. Katy filed a complaint for divorce on December 19, 2012. Doc. 11. In the complaint, Katy alleged that Joseph was guilty of gross neglect of duty, that the parties had lived separate and apart for one year without cohabitation, and that they are incompatible. Doc. 11.

Joseph did not file an answer. On January 30, 2013, the trial court notified the parties that a pretrial hearing would be held on February 12, 2013. Doc. 21. The order contained the following notice.

> **In the event the Defendant fails to file an Answer or appear for pretrial with counsel this matter will proceed as an uncontested final hearing.**

Doc. 21. On February 12, 2013, Katy and Joseph both appeared for the pretrial conference. However, since Joseph had failed to file an answer, the trial court proceeded as if it were an uncontested final hearing. Tr. 2. Joseph was present in the courtroom, but was not offered an opportunity to present any evidence or to cross-examine the witnesses. The trial court immediately granted the divorce and ordered that all of the terms proposed by Katy be adopted, including denying Joseph any parenting time with Damien.[1] Tr. 15-16. The trial court entered its journal entry granting the divorce on February 13, 2013. Doc. 22. Joseph filed his notice of appeal on March 14, 2013. Doc. 25. On appeal, Joseph raises the following assignments of error.

### First Assignment of Error

> **[Joseph] was denied his procedural due process rights to be heard prior to a deprivation of protected property rights under the due process clause of the U.S. and Ohio Constitutions.**

---

[1] Interestingly, the judgment entry states that Joseph had failed to appear even though the record indicates that he was present the entire time.

## Second Assignment of Error

**[Joseph] was denied his right to cross-examine adverse witnesses under the due process clause of U.S. and Ohio Constitutions, the Ohio Rules of Evidence, and common law.**

## Third Assignment of Error

**The trial court violated R.C. 3119.08 by ordering child support against [Joseph] without providing [Joseph] with an order of specific and holiday parenting time.**

## Fourth Assignment of Error

**The trial court made an inequitable division of property without indicating the basis for its award in sufficient detail to enable the reviewing court to determine if the award is fair, equitable and in accordance with the law.**

## Fifth Assignment of Error

**The trial court did not afford [Joseph] the opportunity to request a continuance and abused its discretion in denying his request for a continuance.**

{¶4} In the first and second assignments of error, Joseph challenges the trial court's failure to provide him with an opportunity to present evidence or to cross-examine the witnesses of Katy based upon his failure to file an answer. The Ohio Civil Rules provide that the provisions for a default judgment do not apply to complaints for divorce. Civ.R. 75(F). This court has addressed the issue of whether a party who fails to file an answer to a complaint for divorce can be denied an opportunity to participate in the proceedings in *Skaggs v. Skaggs*, 3d Dist. Marion No. 9-94-60, 1995 WL 368838 (June 23, 1995). In *Skaggs*, the

defendant failed to file an answer to his wife's complaint for divorce and for custody of their minor child. The trial court held a hearing on an uncontested divorce proceeding even though the defendant was present without counsel at the hearing. The trial court then proceeded to grant the divorce, divide the property, determine custody of the child, and to establish child support for the child. On appeal the defendant challenged the decision of the trial court to exclude him from presenting evidence or cross-examining the plaintiff's witnesses. This court stated as follows.

> **Upon review of the record, it appears to us that the trial judge was proceeding under the assumption that because defendant failed to file an answer to plaintiff's complaint, the entire matter was uncontested. Based on this assumption, it appears that the trial judge did not provide defendant with any meaningful opportunity to participate in the proceedings.**
>
> **We note that in Ohio, courts have held that preventing a party from presenting evidence at a divorce trial because they failed to file a formal answer constitutes an abuse of discretion. * * * In the instant case, we believe that defendant has set forth facts which could have had an impact on the trial court's property division if he had been provided with the opportunity to present those facts at trial. Moreover, we find that the judgment entered by the trial court was in substance a default judgment which may not be properly entered in a divorce action. Civ.R. 75(G). Therefore, in light of defendant's apparent intent to defend this action, we do not believe that his failure to file a formal answer should have precluded him from testifying or presenting evidence at his trial.**

*Id.* This court determined that by appearing at the hearing, the defendant had indicated his intent to participate in the matter. *Id.* However, this court did hold

that although the defendant had made an appearance sufficient to entitle him to the right to present evidence and cross-examine opposing witnesses, his failure to file an answer was an admission of the grounds of the divorce. *Id.*

{¶5} More recently, this position has been reiterated by other courts. In *Rue v. Rue*, the second district addressed a situation where the defendant wife failed to file an answer to the plaintiff husband's complaint for divorce. 169 Ohio App.3d 160, 2006-Ohio-5131, 862 N.E.2d 166 (2d Dist.). The facts of *Rue* were that the plaintiff alleged in his complaint that the parties were incompatible, that the defendant had committed extreme cruelty and was guilty of gross neglect. *Id.* at ¶2. The plaintiff then requested that the trial court grant him a divorce, custody of the children, child support, attorney's fees, and spousal support. *Id.* The court indicated that the record showed that defendant did not file an answer, but did appear at the pretrial unrepresented. *Id.* The trial court informed the defendant that until she obtained counsel and filed a motion for leave to file an answer, she could not participate in the proceedings. *Id.* On appeal, the court held that the trial court in effect rendered a default judgment of divorce by not allowing the defendant to participate meaningfully in the trial. *Id.* at ¶61. The court then held that it was reversible error. "A divorce litigant may not be prevented from presenting evidence because the litigant has failed to file an answer." *Id.* at ¶63. The court noted that this rule may cause some problems with the court's docket,

but held that the goal of managing the docket must be second to the right to a fair

trial and that the trial court may not mandate that a divorce litigant has an attorney.

> **It may be good case management for a domestic-relations court to maintain a separate docket for noncontested divorces, and we are aware that this is a venerable practice within some of the counties in our jurisdiction. But the fact that a divorce litigant has not filed an answer does not prevent the litigant from contesting one or more issues in the divorce. In the occasional case, this may mean that a case set for hearing on the noncontested docket may have to be reset for the contested docket because the nonanswering, and hitherto unassertive, defendant shows up at the hearing intending to contest one or more issues. In this case, though, the pretrial conference alerted the trial court to the fact that this was a contested case, despite the fact that [defendant] had not answered the complaint, so there was an opportunity to reset the case on the contested docket.**
>
> **The trial court also seems to have been under the impression that a divorce litigant may not proceed pro se. It may be almost as unwise for a divorce litigant to proceed pro se as it is for a defendant in a capital murder case to do so, but a divorce litigant, unlike a criminal defendant, has no right to the appointment of counsel at state's expense if the litigant is indigent. A divorce litigant who cannot afford an attorney is not thereby barred from being heard. To hold otherwise would violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and the Open Court provision in Article 1, Section 16 of the Ohio Constitution.**

*Id.* at ¶64-65. The court held that although the divorce was affirmed as it was not

disputed that the parties were incompatible, the remainder of the judgment was

reversed for further proceedings. *Id.* at 67.

{¶6} The position taken in *Rue, supra*, has been accepted by other courts as well. In *Franklin v. Franklin*, the tenth district stated "that the default judgment rule in Civ.R. 55 does not apply in divorce proceedings pursuant to Civ.R. 75(F); therefore, a party may still appear at the final hearing and present evidence regardless of that party's failure to answer the complaint." *Franklin v. Franklin*, 10th Dist. Franklin No. 11AP-713, 2012-Ohio-1814, ¶8 (holding that failure to appear at a final hearing does not waive the right to factual findings). The fifth district has also stated that if a party appears for the hearing, he or she would be "permitted to present evidence at the hearing regardless of [the party's] default in failing to answer the complaint." *Gordon v. Gordon*, 5th Dist. Muskingum Nos. CT2007-0072, CT2007-0081, 2009-Ohio-177, ¶17 (finding that appellant waived her right to present evidence by not appearing at the hearing).

{¶7} These cases, including *Skaggs*, were all based upon the holding of the fourth district in *Campbell v. Campbell*. 4th Dist. Gallia No. 92CA39, 1993 WL 307535 (Aug. 13, 1993). In *Campbell*, the wife filed for divorce and her husband failed to file an answer. At the final hearing, the husband appeared to contest the valuations of the property that his wife had put forth. The trial court informed the husband that he could not present any evidence because he failed to file an answer. The husband did not object to the trial court's refusal to allow him to present evidence. On appeal, the court stated as follows.

> **[T]he trial court erroneously prevented appellant from presenting evidence in the case *sub judice*. The trial court ruled that because appellant failed to file an answer, he could not present evidence. We disagree. Civ.R. 75(F) provides that Civ.R. 55, the default judgment rule, does not apply in domestic relations cases. See, also, *Mills v. Mills* (Sept. 21, 1990), Montgomery App. No. 12100, unreported; *Stewart v. Stewart* (Feb. 16, 1990), Huron App. No. H-89-35, unreported; *Robinette v. Robinette* (1988), 41 Ohio App.3d 25, 534 N.E.2d 386. In this particular case, we believe the trial court should have provided appellant the opportunity to present evidence in his behalf. There is no indication or argument in the record that allowing appellant to present evidence would have unfairly prejudiced appellee or unnecessarily disrupted the orderly administration of justice.**

*Id.* The court then held that the trial court committed reversible error by preventing the husband from presenting evidence at the hearing. *Id.*

{¶8} Here, we have a similar situation. Joseph failed to file an answer, however he appeared at the first pretrial hearing, which was held less than two months after the complaint was filed.[2] His presence at the hearing entitled him to present evidence and to cross-examine the witnesses. Although he appeared without counsel, he is not required by law to have counsel. *See, Rue, supra*. At the hearing, he was not permitted to present any evidence concerning the property division, child custody, or child support. He was also not permitted to cross-examine the witnesses presented by Katy. The effect of the trial court's actions was to grant a default judgment of divorce, which is not permitted by Civil Rule

---

[2] The first pretrial was held 53 days after the complaint was served upon Joseph. The return of service indicates that Joseph received the summons and complaint on December 21, 2012. Doc. 18.

75(F). As understandable as the trial court's desire to control the docket is, this was an initial pretrial and the trial court could easily have reset the matter for a contested hearing. *Rue*, *supra*. Viewing the evidence presented by Joseph, the civil rules, the case law, and the record, it appears that Joseph has set forth sufficient facts and law to support a reversal based upon the trial court's failure to allow Joseph to present evidence at the hearing or to cross-examine Katy's witnesses. App.R. 18(C). The first and second assignments of error are sustained.

{¶9} Although the first and second assignments of error are sustained as to the requirement that Joseph be permitted to present evidence and confront the witnesses for Katy, this does not automatically reverse the entire judgment. This court held in *Skaggs* that the appropriate remedy in this case is to vacate the part of the judgment pertaining to the property division and child custody, but to affirm the granting of the divorce.

> **[D]ue to the defendant's failure to answer plaintiff's complaint, we affirm the judgment of the trial court granting a divorce to plaintiff on the grounds of incompatibility. However, due to the trial court's failure to allow defendant to present evidence at trial, we vacate that portion of the trial court's judgment entry pertaining to the division of property and child custody and remand this case to that court to conduct a full evidentiary hearing regarding the same. At the hearing, both parties shall be given an opportunity to present evidence regarding the division of their property and the custody of their minor [child].**

*Skaggs, supra*. A similar result was reached by the second district in *Rue*. Here, the decree of divorce was granted on the grounds of incompatibility. Since Joseph

-10-

failed to file an answer to the complaint which alleged that the parties were incompatible, the portion of the judgment granting a divorce on the grounds of incompatibility is affirmed. However, since Joseph was prohibited from presenting evidence at trial, the portion of the judgment entry pertaining to all other matters is vacated. The case is remanded for the trial court to conduct a new, contested, full evidentiary hearing on these matters.

{¶10} Having found error prejudicial to Joseph during the trial, the third, fourth, and fifth assignments of error addressing rulings from the trial court and the denial of the motion to continue are rendered moot. Thus, this court need not address them at this time. App.R. 12(A)(1)(c).

{¶11} For the reasons set forth above and having found error prejudicial to the appellant, the judgment of the Common Pleas Court of Marion County, Family Division is affirmed only as to the judgment granting the divorce. The portion of the entry regarding all other issues is vacated and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON and SHAW, J.J., concur.**

**/jlr**