[Cite as *Howell v. Howell*, 2014-Ohio-2195.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Cynthia L. Howell,                          :

       Plaintiff-Appellant,            :            No. 13AP-961
                                                              (C.P.C. No. 10DR-10-4384)

v.                                          :

                                                (REGULAR CALENDAR)

Cecil Howell,                               :

       Defendant-Appellee.             :

---

D E C I S I O N

Rendered on May 22, 2014

---

*Mark K. Sabath*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations.

BROWN, J.

{¶ 1} Cynthia L. Howell, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court dismissed appellant's motion for contempt and found void the decree of divorce between appellant and Cecil Howell, defendant-appellee.

{¶ 2} On November 9, 1985, appellant and appellee were married. Three children were born during the marriage. On October 22, 2010, appellant filed a complaint for divorce. Appellee waived service of summons on the same date pursuant to Civ.R. 4(D). On November 29, 2010, the trial court entered an agreed judgment entry decree of divorce and shared parenting plan.

{¶ 3}   On May 14, 2013, appellant filed a motion for contempt alleging appellee had not complied with the terms of the shared parenting plan. The trial court held a hearing on the motion for contempt on July 16, 2013.

{¶ 4}   On October 10, 2013, the trial court issued a judgment entry in which it dismissed appellant's motion for contempt and found the parties' decree of divorce void based upon a violation of Civ.R. 75(K), which requires that 42 days must elapse between service and the filing of the divorce decree. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> THE TRIAL COURT ERRED AND ABUSED ITS
> DISCRETION WHEN IT FOUND THAT CIVIL RULE 75(K)
> IS SUBSTANTIVE AND NOT PROCEDURAL.

{¶ 5}   Appellant argues in her assignment of error that the trial court erred when it found that Civ.R. 75(K) is substantive and not procedural. Civ.R. 75(K) provides, in pertinent part:

> No action for divorce, annulment, or legal separation may be
> heard and decided until the expiration of forty-two days after
> the service of process or twenty-eight days after the last
> publication of notice of the complaint.

{¶ 6}   Here, the trial court found that appellant filed her divorce action on October 22, 2010, with appellee filing a waiver of service of summons, pursuant to Civ.R. 4(D) the same date, and the divorce decree was filed on November 29, 2010. The court noted that the elapsed time between the service of process waiver and the divorce decree was 38 days, which is less than the mandated 42-day period required by Civ.R. 75(K). The trial court concluded that, because Civ.R. 75(K) is substantive, rather than procedural, the parties' divorce decree was void.

{¶ 7}   "Jurisdiction" is a court's statutory or constitutional power to adjudicate the case. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972), paragraph one of the syllabus. The term "jurisdiction" encompasses jurisdiction over the subject matter, over the person, and over the particular case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Jurisdiction over the particular case involves the trial court's authority to determine a specific case within the class of cases that is within its subject-matter jurisdiction. *Id.* at ¶ 12.

{¶ 8} Procedural irregularities affect the court's jurisdiction over the particular case and render a judgment voidable, whereas a judgment rendered by a court that lacks subject-matter jurisdiction is void. *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, paragraph one of syllabus. A voidable judgment is one rendered by a court having subject-matter jurisdiction and, although seemingly valid, is irregular and erroneous. *GMAC, L.L.C. v. Greene*, 10th Dist. No. 08AP-295, 2008-Ohio-4461, ¶ 26, citing *State v. Montgomery*, 6th Dist. No. H-02-039, 2003-Ohio-4095, ¶ 9, citing Black's Law Dictionary 848 (7th Ed.1999). A void judgment is considered a legal nullity. *Id.* at ¶ 27, citing *Montgomery* at ¶ 10, citing *Clark v. Wilson*, 11th Dist. No. 2000-T-0063 (July 28, 2000). A court has the inherent authority to vacate a void judgment and that void judgment may be challenged at any time. *Milton Banking Co. v. Dulaney*, 4th Dist. No. 09CA10, 2010-Ohio-1907, ¶ 26. To the contrary, a voidable judgment may be challenged only on direct appeal or a Civ.R. 60(B) motion. *GMAC* at ¶ 26, citing *Montgomery* at ¶ 9. A court has no inherent authority to vacate voidable judgments. *McIntyre v. Braydich*, 11th Dist. No. 96-T-5602 (Dec. 5, 1997).

{¶ 9} Accordingly, in the present case, if the trial court's failure to comply with Civ.R. 75(K) rendered the decree of divorce void, then the trial court possessed the inherent authority to vacate the same at any time. However, if the trial court's failure to comply with Civ.R. 75(K) rendered the decree of divorce voidable, then the trial court did not possess inherent authority to vacate it.

{¶ 10} In arriving at its conclusion that Civ.R. 75(K) is substantive and the violation thereof rendered the decree void, the trial court relied upon *Clark v. Clark*, 5th Dist. No. 06 CA 8, 2006-Ohio-2902. In *Clark*, the court vacated a final divorce decree that had been issued 38 days after service of process, based upon Civ.R. 75(K). The court in *Clark*, in turn, relied upon *Robinette v. Robinette*, 41 Ohio App.3d 25 (5th Dist.1988). In *Robinette*, the court discussed the history of Ohio's "cooling off" or waiting period between filing and hearing, which was found in Civ.R. 75(J) at that time. The court found that Civ.R. 75(J) continued the 42-day hearing waiting period after the repeal of R.C. 3105.09, which included a similar provision. The court in *Robinette* "reject[ed] the argument that the Civil Rule adoption and statutory repeal converted the waiting period from a nonwaivable (substantive) right to a waivable (procedural) right, and conclude[d]

that the Ohio Supreme Court intended to preserve the concept of a 'waiting period' as previously recited in Ohio legislation, *i.e.*, the forty-two day (twenty-eight day) waiting period may not be waived." *Id.* at 27. Thus, the court in *Robinette* found a "trial court errs as a matter of law when it grants an alimony decree prior to forty-two days after service of process, or waiver thereof, or twenty-eight days after completion of service by publication." *Id.*

{¶ 11} However, the court in *Clark* acknowledged that the Second District Court of Appeals in *Wagner v. Wagner*, 2d Dist. No. 81-CA-1 (July 1, 1981), came to a different conclusion. In *Wagner*, the court found that the waiting period in Civ.R. 75(J), as part of a procedural civil rule, neither extended nor limited the jurisdiction of the common pleas court. In addressing whether Civ.R. 75(J) was a substantive or procedural law, the court noted that Civ.R. 82 provides that the Ohio Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the courts of this state." The court went on to explain that the staff note to Civ.R. 82 states that subject-matter jurisdiction of several courts is established by the Constitution and statutes of Ohio, and the Ohio Rules of Civil Procedure do not broaden or narrow that jurisdiction; the rules, procedural in nature, merely facilitate the application of that jurisdiction. The court in *Wagner* found that, while "cooling off" statutes in other jurisdictions have been held to be jurisdictional, Ohio has no such "cooling off" statute with the repeal of R.C. 3105.09. *Id.* Rather, the court found, "cooling off" provisions are now contained in a procedural civil rule that neither extends nor limits the jurisdiction of the common pleas court pursuant to Civ.R. 82.

{¶ 12} We believe *Wagner* provides the better analysis and concur that, given the explicit wording of Civ.R. 82 that the Ohio Rules of Civil Procedure cannot broaden or narrow the jurisdiction of the courts, the 42-day waiting period provided in Civ.R. 75(K) is procedural in nature. *See*, *e.g.*, *Buckles v. Buckles*, 46 Ohio App.3d 118 (10th Dist.1988) (neither the Civil Rules nor any other procedural rule promulgated by the Supreme Court of Ohio can determine the jurisdiction of a court even if they purport to do so, because the Ohio Constitution, Article IV, Section 5(B), does not permit the procedural rules to determine jurisdiction or any substantive right, citing Civ.R. 82); *Dowdle v. Dowdle*, 7th Dist. No. 482 (Aug. 7, 1997) (the Civil Rules do not determine the jurisdiction of an appellate court, a trial court, or any other court; jurisdiction is determined by the Ohio

Constitution, and Civ.R. 82 validates such); *Brooks v. Brooks*, 2d Dist. No. 15789 (Nov. 8, 1996) (unquestionably, all civil rules are procedural devices that do not extend or limit the jurisdiction of the courts of this state, as declared in Civ.R. 82). Thus, because a procedural irregularity renders a judgment merely voidable, and a court does not have any inherent authority to vacate a voidable judgment, the trial court here could not vacate the parties' divorce decree for failure to comply with the 42-day rule in Civ.R. 75(K) while only appellant's motion for contempt was before the court. For these reasons, the trial court erred when it found the divorce decree void. Therefore, appellant's assignment of error is sustained.

{¶ 13} Accordingly, we sustain appellant's sole assignment of error and reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment reversed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

_____