[Cite as *West v. West*, 2022-Ohio-4561.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

JOY A. WEST,

    PLAINTIFF-APPELLEE,                  CASE NO.  15-22-01

    v.

THOMAS E. WEST,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Domestic Relations Division
Trial Court No.  DR-18-11-110

**Judgment Affirmed**

Date of Decision:   December 19, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Glenn H. Troth* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Thomas E. West ("Thomas"), appeals the April 11, 2022 judgment entry-decree of divorce of the Van Wert County Court of Common Pleas, Domestic Relations Division, granting Plaintiff-Appellee, Joy A. West ("Joy"), a divorce from him.

*Facts and Relevant Procedural History*

{¶2} On November 21, 2018, Joy filed a complaint for divorce (with children), claiming that a common law marriage had been created between herself and Thomas on November 6, 1990. Joy alleged as grounds gross neglect of duty and extreme cruelty and that the parties were incompatible. On the same date, Joy filed a motion for temporary orders. According to the return of service filed in the record, Thomas was personally served with the summons, complaint and motion on December 13, 2018. Thomas appeared pro se at a hearing on temporary orders. An order filed January 9, 2019 rescheduled a pretrial in the matter for February 6, 2019.

{¶3} On February 22, 2019, Joy filed a motion, pursuant to Civ.R. 8(D), to have deemed admitted the allegations contained in the complaint based upon Thomas' failure to file a responsive pleading or respond to the complaint. On March 1, 2019, a magistrate filed an "order granting admissions."

{¶4} On March 28, 2019, Joy filed a motion for contempt based on the temporary orders, which was served on Thomas, and the matter was set for hearing. On May 7, 2019, counsel entered an appearance for Thomas and thereafter filed

various motions, including a motion for relief from judgment of the March 1, 2019 "order granting admissions," and for leave of court to file an answer to Joy's complaint for divorce. Joy then filed a response, to which Thomas replied. By judgment entry dated February 18, 2020, the trial court denied these motions and set the matter for hearing to determine if there was a common law marriage between the parties.

{¶5} After hearings were held on the issue of the common law marriage only, the trial court found that Joy had proved, by clear and convincing evidence, that the parties had a common law marriage as of November 6, 1990. A final divorce hearing was subsequently held, and the trial court thereafter granted Joy a divorce based on the grounds of gross neglect of duty and extreme cruelty, a distribution of the assets and debts of this marriage, and made an award of spousal support to Joy.

{¶6} Thomas appealed and raises the following assignments of error:

**Assignment of Error No. 1**

**The trial court committed a reversible error by precluding the Defendant from presenting evidence or testimony as to the existence of a common law marriage where he appeared to defend at the first hearing that took place after service of completion of process upon him and where nonetheless did not timely file an answer to the complaint.**

**Assignment of Error No. 2**

**Owing to a lack of sufficient evidence as the essential elements of a common law marriage, the trial [court] erred in finding that**

**there was a valid common law marriage created on November 6, 1990.**

**Assignment of Error No. 3**

**The court, in granting a divorce herein to the Plaintiff both on grounds of extreme cruelty and gross neglect of duty, committed error in making those findings due to a lack of a coboration [sic] as to such grounds.**

*First and Second Assignments of Error*

{¶7} We will consider the first and second assignments of error together. On appeal, Thomas does not dispute that he failed to timely file an answer to the initial complaint, instead arguing that the trial court erred by precluding him from presenting evidence or testimony as to the existence of a common law marriage where he did appear at the first hearing on temporary orders.

{¶8} At the outset, we note that the trial court issued a judgment entry finding that Thomas failed to show excusable neglect for the failure to file his answer within the time provided in Civ.R. 6(B). Excusable neglect was also not shown to justify the late request to set aside the magistrate's order. Accordingly, the trial court stated in its judgment entry that during the hearing to determine if there was a common law marriage, Thomas would "not be able to present evidence to refute whether there was a common law marriage between the parties; however, the Plaintiff still needs to prove, by clear and convincing evidence, that a common law marriage exists between the parties." (Doc. No. 51). "If the Court finds there is a marriage

then the parties shall then need to present evidence on the issues of the care and custody of the minor child, as well equitable property division and spousal support if appropriate." (*Id.*)

**{¶9}** We recognize in considering Thomas' first assignment of error that the "Ohio Civil Rules provide that the provisions for a default judgment do not apply to complaints for divorce." *McKenzie v. McKenzie*, 3d Dist. Marion No. 9-13-15, 2013-Ohio-4859, ¶ 4, citing Civ.R. 75(F). In *McKenzie*, we discussed our earlier case *Skaggs v. Skaggs*, 3d Dist. Marion No. 9-94-60 (June 23, 1995), which held that the trial court in effect rendered a default judgment, but stated the following:

> This court determined that by appearing at the hearing, the defendant had indicated his intent to participate in the matter. * * * However, this court did hold that although the defendant had made an appearance sufficient to entitle him to the right to present evidence and cross-examine opposing witnesses, his failure to file an answer was an admission of the grounds of the divorce.

*Id.* That case then concluded "plaintiff's admission regarding the grounds for divorce did not constitute an admission regarding any other matters such as property division and child custody." *Skaggs* at *2. Similarly, in *McKenzie*, we found that although the part of the judgment pertaining to the property division and child custody was in substance a default judgment, we affirmed the portion of the judgment granting a divorce. *McKenzie* at ¶ 9.

**{¶10}** Here, Thomas characterizes this case as one in which the trial court basically entered a default judgment on the issue of whether a common law marriage

existed. However, as the record reflects, Joy had not been excused from proof of her claim of a common law marriage but, rather, the trial court required Joy to prove the establishment of a common law marriage by clear and convincing evidence for a judgment to be granted by the trial court. During a hearing over two days, the trial court heard extensive testimony and evidence on the issue, followed by written final arguments from both parties. Thomas was present with counsel, and the record reflects that Thomas had the opportunity to effectively confront Joy's witnesses by cross-examination before the trial court and also was allowed to present some rebuttal testimony to the corroborative evidence offered.

{¶11} In these circumstances, this Court finds that Thomas has not demonstrated that any reversible error was committed by the trial court and, therefore, Thomas' first assignment of error is overruled.

{¶12} We next address Thomas' second assignment of error that Joy failed to introduce sufficient evidence of the elements necessary for the trial court's finding that there was a valid common law marriage created on November 6, 1990.

{¶13} Although Ohio has prohibited common law marriages after October 10, 1991, common law marriages that occurred prior to that date continue to be recognized. R.C. 3105.12(B)(1)(2). A common law marriage is established when the following elements are present:

> **(1) an agreement of marriage in praesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those**

> **with whom they normally come into contact, resulting in a reputation as a married couple in the community.**

*State v. DePew*, 38 Ohio St.3d 275, 279, citing *Nestor v. Nestor*, 15 Ohio St.3d 143 (1984).

{¶14} The party seeking to establish a common law marriage must prove each of its elements by clear and convincing evidence. *Nestor* at 146. Clear and convincing evidence is that degree of proof which produces in the mind of the trier of fact "a firm belief or conviction as to the allegations sought to be established." *Faison v. Faison*, 8th Dist. Cuyahoga No. 84942, 2005-Ohio-2733, ¶ 15, citing *Cork v. Bray*, 52 Ohio St.3d 35 (1990). In deciding whether a party has presented clear and convincing evidence of a common law marriage, the weight to be given the evidence and the credibility of witnesses is a determination to be made by the trier of fact. *Estate of Everhart v. Everhart*, 12th Dist. Fayette Nos. CA2013-07-019 and CA2013-09-026, 2014-Ohio-2476, ¶ 28.

{¶15} "The contract of marriage in praesenti may be proven either by way of direct evidence which establishes the agreement, or by way of proof of cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside." *Nestor* at 146.

{¶16} In the present case, Joy testified that the parties began going out together and thereafter began living together in October 1990. She testified that the two were married on November 6, 1990, when Thomas gave her a ring as a symbol

of their intention of becoming husband and wife. It is undisputed that the parties had six children together, and when health insurance became available through her full-time employment in June 1994, Joy changed her last name to West for purposes of qualifying with her husband and family.

{¶17} Also, according to Joy's testimony, the parties filed their tax returns as married filing jointly throughout the marriage. It is clear that the trial court found her testimony consistent with the documents presented during the hearing. In fact, a review of the trial court's decision reveals that it placed reliance on the parties' marital status as reflected on fifteen years of tax returns, four deeds and two mortgages with one deed and the mortgages signed by the parties as husband and wife. It is further clear that the trial court took the other documents, which were either unsigned copies or documents referencing the parties as husband and wife but signed by others, into consideration when assessing Joy's credibility. Joy additionally presented the testimony of a witness who also recalled a same conversation with Thomas in early 1992, as Joy herself testified to, about Thomas asking what the witness had been doing talking to his "wife."

{¶18} Accordingly, based on our review of the record, we find the trial court did not err in concluding there was clear and convincing evidence to support its factual finding that a common law marriage existed between the parties.

{¶19} Thomas' second assignment of error is also overruled.

*Third Assignment of Error*

**{¶20}** In his third assignment of error, Thomas argues that the trial court erred in granting a divorce to Joy on the grounds of extreme cruelty and gross neglect of duty because the record lacks corroborating evidence to support those findings.

**{¶21}** While Ohio law does require a plaintiff seeking a divorce to corroborate her allegations, Civ.R. 75(M), we note again this Court has recognized that despite a finding that defendant had made an appearance in the divorce action, the fact remained that defendant did not file a timely answer to plaintiff's complaint, and thus, since defendant had not denied plaintiff's allegation regarding the grounds for divorce in a responsive pleading, it was deemed admitted for purposes of the proceedings. *Skaggs v. Skaggs*, 3d Dist. Marion No. 9-94-60 (June 23, 1995) at *2, citing Civ.R. 8(D) and *Swihart v. Swihart*, Union App. No. 14-94-27 (Dec. 13, 1994); *see McKenzie v. McKenzie*, 3d Dist. Marion No. 9-13-15, 2013-Ohio-4859. "Civ.R. 8(D) provides that averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage are admitted when not denied in a responsive pleading." *Id.*

**{¶22}** Nonetheless, in a decision entered on March 30, 2022, the trial court found that there was evidence including the medical report of the plaintiff and the judgment entry of convictions for the crime of domestic violence perpetrated by the

Defendant against the Plaintiff introduced. "This evidence supports a finding of gross neglect and extreme cruelty experienced by the Plaintiff." (Doc. No. 108). The trial court, in its judgment entry-decree of divorce, then stated that "[t]he evidence supports a finding of gross neglect of duty and extreme cruelty experienced by the Plaintiff." (Doc. No. 109). Upon review, we conclude that the transcript and record of the final divorce hearing contain direct and corroborating evidence supporting the trial court's findings regarding the grounds for the divorce.

{¶23} Accordingly, the trial court did not abuse its discretion in granting a divorce to Joy. Thomas' third assignment of error is overruled.

{¶24} For the foregoing reasons, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**